## Hollister *versus* The Commonwealth.

| 60 | 103 |
| d 19 SC | ⁸242 |

| 60 | 103 |
| 25 SC | ⁴214 |

| 60 | 103 |
| e221 | ⁶ 17 |

1. Breaking and entering a store-house, not parcel of a dwelling-house, is
not burglary at common law, nor by any statute of Pennsylvania.
2. The 136th section of the Criminal Code of 1860 applies to cases par-
taking of the nature of burglary when the breaking is in the day-time.
3. A defendant convicted on an indictment for burglary, cannot be sen-
tenced under the 136th section of the Code by changing the averments, or
assuming them to be changed to suit the conviction.
4. The offence under the 136th section may be joined in an indictment
for burglary; but it would be as necessary to set forth the charge so as to
bring it within the description, as to set forth the essentials to constitute
burglary.
5. Under an indictment for burglary there may be a conviction for larceny,
but the jury must so find.
6. An indictment was, in one count, "for burglariously," &c., breaking
and entering "a store-house," with intent to steal and stealing, &c.; in
a second count, that the defendant did incite, &c., "H. the said burglary
and larceny in manner and form aforesaid to do and commit:" *Held*, that
a conviction could not be sustained on either count.
7. The defendant was found guilty on the second count and not guilty
on the first, a new trial was granted. It was error on the new trial to hold
him to answer on the whole indictment.

January 4th 1869.    Before THOMPSON, C. J., READ, AGNEW
and SHARSWOOD, JJ.    WILLIAMS, J., at Nisi Prius.

Error to the Court of Oyer and Terminer of *Wayne county:*
No. 245, to January Term 1869.

Erastus B. Hollister and J. K. Harris were indicted on the
4th of September 1867 in two counts. The first count charged
that the defendants "on the fourteenth day of June 1867, about
the hour of one of the night of the same day, with force and
arms * * the store-house of Stanton & McMullen * * feloniously
and burglariously did break and enter, with intent the goods,"
&c., &c., * * in said store-house * * then and there feloniously
and burglariously to steal, * * and certain goods, &c., in said
store-house * * feloniously and burglariously did steal, &c.

The second charged that Hollister, "before the said burglary
and larceny were committed," * * " did feloniously and mali-
ciously incite, move, procure, aid, counsel, hire and command the
said J. K. Harris the said burglary and larceny, in manner and

form aforesaid, to do and commit," &c. * *   Hollister moved to quash the indictment, because " the breaking and entering a ' store-house,' &c., as charged in the indictment, is not felonious burglary in law."   The motion was overruled, and Hollister was found guilty May 9th 1868, on the second count; on the 12th of September 1868 the court granted a new trial.   Hollister was again tried December 10th 1868, and found " guilty in manner and form as indicted."

The defendant moved in arrest of judgment; the motion was overruled, and on the 12th of December 1868 Hollister was sentenced to pay a fine of $100 and to be imprisoned in the Eastern Penitentiary for two years and three months.

On the removal of the judgment to the Supreme Court, Hollister assigned the following errors :—

That the court erred,

1. In not quashing the indictment on the reason assigned May 6th 1868, as follows :

" That the breaking and entering a store-house," &c., as charged in the indictment is not felonious burglary in law.

2. In not arresting judgment on the verdict of the jury for reasons assigned December 12th 1868, as follows :

" The offence charged in the indictment is not burglary in law."

" To break and enter a ' store-house,' &c., is not burglary at common law, nor under the statute of Pennsylvania."

" The defendant cannot be convicted under the 136th section of the Act of 31st March 1860."

" The indictment is not drawn under the 136th section of the Act of 31st March 1860."

" There is a misjoinder of counts in the indictment."

*F. M. Crane* (with whom was *S. E. Dimmick*), for plaintiff in error.—When burglary is in an outhouse it must be laid to be done in the dwelling-house: 2 East P. C. 512; 1 Hale P. C. 551, 560.   The Criminal Code of March 31st 1860, § 135, Pamph. L. 413, Purd. 239, pl. 144, does not include a store-house as a building in which burglary can be committed.   The offence charged is not indictable under 136th section of same act: Purd. 240, pl. 145, which relates to offences committed in the day-time.

*W. H. Dimmick*, District Attorney, and *G. G. Waller*, for the Commonwealth.—Under the Criminal Code the objections should be taken by demurrer or on motion to quash the indictment before the jury is sworn.   By the code technicalities are abolished : Commonwealth *v.* Frey, 14 Wright 249.

The opinion of the court was delivered, January 8th 1869, by

[Hollister *v.* The Commonwealth.]

THOMPSON, C. J.—The indictment in this case follows the common-law form of an indictment for burglary. It charges that the accused with force and arms, in the night-time, did feloniously and burglariously break and enter the store-house of Stanton & McMullen, in the borough of Waymart, with intent the goods and chattels of the said Stanton & McMullen to steal, take and carry away; and that having so entered he did steal, take and carry away certain of the goods of the said Stanton & McMullen, describing them.

The breaking and entering a store-house, not parcel of a dwelling-house, is not burglary by the common law, nor by any statute in this state. No words need be used to prove this. Notwithstanding that the prisoner's counsel made a motion predicated of this objection to the indictment, to quash it, it was overruled, and the trial was proceeded in, and the prisoner was convicted by the jury, in manner and form as he stood indicted, and afterwards sentenced to two years' confinement in the penitentiary.

There being no authority for an indictment for burglary in breaking and entering a store-house belonging to private parties in the 135th section of the Act of 31st March 1860, it was urged in argument that the conviction might be sustained as under the 136th section of the act.

That section is special, and to cover cases not within the definition of burglary, but partaking of its nature, and applies where the breaking takes place in the day-time, into any dwelling-house, shop, warehouse, store, mill, barn or stable, outhouse or other building, or an entry by day or night without breaking, with intent to commit a felony therein. This section seems to have been designed to punish the felonious intent with which an entry is made, even if no felony be actually committed. It is like the offence of burglary in this respect; otherwise it is quite unlike it, as it is not necessary to be in the night-time, and in one aspect of it the offence is complete without a breaking. It would not do to hold a defendant convicted on an indictment in form for burglary, strictly, liable to be sentenced under this section by changing the averments, or assuming them to be so changed to suit the conviction. In fact it is not the same offence, although it partakes of its nature; and I have no doubt but it might be joined in the same indictment. But it would be as necessary to set forth the charge, so as to bring it within the offence described in the section, as it is necessary to set forth the essentials to constitute the crime of burglary. Without defining the certainty that is required in an indictment for a felony, it must certainly be so precise in all cases as to furnish the accused with " the nature and cause of the accusation against him." The Bill of Rights secures this to an accused. This could not be said to be law, if a conviction on an indictment for breaking and entering one description of building

was sustained in regard to one not described, or susceptible of the same description. We hold that the conviction in this case was not of the offence charged in the 136th section of the act, nor sustainable under it.

But it was argued that there is embraced in this charge of burglary a charge of larceny. This is true; and it is not to be denied that a conviction by the jury of the minor offence would be sustained. But that was not what occurred in the case. The defendant was convicted in manner and form as he stood indicted —that is, for burglary. Had the jury returned a verdict of "not guilty of burglary," but "guilty of larceny," we do not say but that even under this indictment the conviction might have been sustained. This the jury did not do, and we need not discuss the matter. There was therefore no legal conviction of the defendant on the first count.

Nor was there upon the second: if it might be good under any circumstances, and we do not decide this point, it was not good in this case. In substance it charges the defendant with inciting one Harris to commit the crime of burglary in a place in which it could not be committed. Standing as an accessory to the principal charge which itself was not indictable as a burglary, it amounted to nothing, and does not sustain the sentence.

There is one matter on the face of this record which we cannot forbear noticing, namely, that this defendant was tried before this trial on the same indictment, and was acquitted of the burglary and larceny laid in the first count, but found guilty in the second, viz., for inciting Harris to commit the crime laid in the first count. On application by the prisoner for a new trial, the court granted it; but on the second trial held him to answer as before the whole indictment. Was this right? We think not. It is laid down in 3 Whart. Crim. L., last ed., § 3250, that "where there has been an acquittal on one count, and a conviction on another, a new trial can be granted only on the count on which there has been a conviction; and it is error on a second trial to put the defendant on trial on the former." For this the author cites a number of authorities: 9 Yerg. 333; 8 Smedes & Marsh. 762; 1 Swan (Tenn.) 14, and 11 Iowa 239. It may be that the defendant ought to have pleaded "*auterfois acquit*," and thus have taken advantage of the acquittal, but he did not. But as he may still have the right to do so, we will make no order for holding the prisoner to answer for the charge of larceny contained in the first count. That was passed upon before. In fact the defendant was, on the views we entertain of the second count, entitled to have been discharged on that trial. It was good for nothing, for the reason already given. This last portion explains why we discharge the prisoner on the reversal of this sentence, without any

[Hollister *v.* The Commonwealth.]

other order in regard to the charge against him in this indictment.

> And now, to wit, January 8th 1869, the sentence in this case is reversed, and the prisoner, Erastus B. Hollister, is ordered to be discharged, and the Commonwealth is ordered to pay the costs.