464 A.2d 316

COMMONWEALTH of Pennsylvania, Appellee,

v.

DeWayne BECK, Appellant.

Supreme Court of Pennsylvania.

Argued April 21, 1983.

Decided July 1, 1983.

Timothy J. Savage, Philadelphia (Court-appointed), for appellant.

Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., for appellee.

Before ROBERTS, C.J., and NIX, LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION OF THE COURT

LARSEN, Justice.

The appellant, DeWayne Beck, was arrested on March 26, 1976 in connection with the stabbing death of William Jackson. Subsequently, the appellant admitted the stabbing[1] and was charged with murder, manslaughter, conspiracy, possession of instruments of crime, and possession of a concealed weapon. The two possession charges were nol prossed and appellant was tried on the murder, manslaughter and conspiracy charges. Following the trial, the jury returned the following verdict: not guilty of first degree murder; *not guilty of voluntary manslaughter,* not guilty of criminal conspiracy; and *guilty of third degree murder.* After post verdict motions were denied and a sentence of

---

1. Although the appellant admitted that he stabbed the victim, he urged that it was in self-defense.

80

imprisonment imposed, Beck appealed to this court. On appeal the judgment of sentence was reversed and a new trial granted on grounds not relevant to the issues here.[2]

Appellant was retried before a jury on charges of third degree murder and voluntary manslaughter.[3] Appellant Beck filed no pre-trial motions nor did he make any objection to the voluntary manslaughter charge prior to or during the evidentiary phase of the retrial. At the conclusion of the evidence and closing arguments, the court charged the jury on, among other things, third degree murder and voluntary manslaughter. The jury returned a verdict of guilty of voluntary manslaughter. The appellant objected to the recording of the verdict on the grounds that his conviction of voluntary manslaughter violated his constitutionally protected right to be free from being twice placed in jeopardy of the same offense. His objection was based on the noteworthy fact that he had been previously found not guilty of the identical crime on the same facts. Appellant's objection was overruled and his post trial motions which included a motion in arrest of judgment were denied. Appellant was sentenced to 1½ years to 3 years 5 months imprisonment on his conviction and this direct appeal followed.

■ The appellant Beck argues that his conviction on retrial of voluntary manslaughter, a crime for which he previously was found *not guilty,* and the judgment of sentence imposed by the trial court are invalid. We agree and reverse.

When a prosecution is for a. violation of the same provision of the statutes and is based upon the same facts as a former prosecution, it is barred by such former prosecution under the following circumstances:

(1) The former prosecution resulted in an acquittal. There is an acquittal if the prosecution resulted in a finding of not guilty by the trier of fact or in a determina-

2. *Commonwealth v. Beck,* 485 Pa. 475, 402 A.2d 1371.

3. The appellant was also tried for involuntary manslaughter, however, this charge is not material to the questions raised in this appeal.

tion that there was insufficient evidence to warrant a conviction ....[4]

In the former prosecution of the appellant the jury specifically acquitted him of voluntary manslaughter. This acquittal prevents further prosecution for the same offense based on the same facts. "The verdict of a jury, upon a valid indictment, in a court of competent jurisdiction, acquitting the defendant of the fact is an absolute bar to any subsequent prosecution for the same offense." *Commonwealth v. McEvans,* 92 Pa.Super. 124, 128 (1927); *Commonwealth v. Kroekel,* 121 Pa.Super. 423, 183 A. 749 (1936). This principle, which technically is a statement of a plea of *autrefois acquit,* is fundamental and is part of the fabric which forms the basis of the double jeopardy prohibition.[5]

Although there are conceptual and practical differences between the *autrefois acquit* plea and a plea of double jeopardy, the purpose of each is to bar retrial for the same offense. In considering the double jeopardy bar in the case of *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977), it was stated that, "The double jeopardy prohibition is often described as a universal principle of reason, justice and conscience. (citations omitted) In *Benton v. Maryland,* 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969), the Supreme Court of the United States described it as a 'fundamental ideal in our constitutional heritage.' Double jeopardy policy is implicated in a variety of procedural contexts. In each of these contexts, the policy against multiple trials has been recognized as central to the double jeopardy clause. The critical consideration is that a defendant should be forced to 'run the gauntlet' of a criminal prosecution only once for a single offense."

"A criminal prosecution imposes severe psychological, physical and economic burdens on the accused. It is morally wrong for the governmental to impose these

4. Act, 1972, Dec. 6, P.L. 1482, No. 334, Sec. 1, eff. June 6, 1973, 18 C.P.S.A., Sec. 109.

5. United States Constitution, 5th Amendment, Constitution of Pennsylvania, Article I, Sec. 10.

hardships on an individual more than once for a single offense. The double jeopardy prohibition stems from this moral judgment which is deeply held by our society." *Commonwealth v. Bolden, supra,* 472 Pa. at 631, 373 A.2d at 104.

Usually the multiple prosecution issue arises in situations where the first trial was aborted before verdict and a mistrial declared. *Commonwealth v. Brown,* 451 Pa. 395, 301 A.2d 876 (1972); *Commonwealth v. Wright,* 439 Pa. 198, 266 A.2d 651 (1970); *Commonwealth v. Bartolomucci,* 468 Pa. 338, 362 A.2d 234 (1976); or where a convicted defendant has been awarded a new trial because the initial trial was tainted by unfair conduct on the part of the prosecutor or judge. *Commonwealth v. Hallowell,* 477 Pa. 232, 383 A.2d 909 (1978).

The principle of *autrefois acquit,* on the other hand, is only applicable where the defendant was acquitted of the charge in a previous trial as is the case here. The fundamental policy considerations which were articulated by the court in *Bolden, supra,* with respect to the double jeopardy prohibition are doubly applicable where the accused was previously acquitted of the charge against him.

The appellant Beck was found guilty of third degree murder and *not guilty of voluntary manslaughter* in his first trial. On appeal, the appellant was awarded a new trial. More than a century ago this court said; "[W]here there has been an acquittal on one count, and a conviction on another, a new trial can be granted only on the count on which there has been a conviction . . . ." *Hollister v. Commonwealth,* 60 Pa. 103 (1869). Since appellant was found not guilty of voluntary manslaughter, he could not be tried again on that charge. The new trial granted to appellant Beck in this case could only be on the charge for which he was convicted—third degree murder. The court does not have the right to grant a new trial on a charge for which the appellant was acquitted. *Commonwealth v. Kroekel, supra.*

■ The Commonwealth argues that appellant waived the issue of his prior acquittal of the charge of voluntary manslaughter because he failed to raise the question before the case went to the jury. We cannot agree with the Commonwealth's contention under the circumstances of this case. The doctrine of waiver has no application in a situation such as this where the appellant was previously acquitted of the charge against him. The issue of former acquittal is similar to the issue of subject matter jurisdiction. It may be raised at any time, even after the jury returns a verdict. Such a verdict is absolutely invalid as is any resulting sentence which may be imposed. This is so because the conviction of a crime on the same facts for which the accused was formerly acquitted in a prior trial is a nullity.[6]

Judgment of sentence reversed and the defendant is discharged.

NIX, J., filed a dissenting opinion in which McDERMOTT, J., joined.

HUTCHINSON, J., filed a dissenting opinion.

NIX, Justice, dissenting.

The issue of appellant's purported prior acquittal of voluntary manslaughter has been waived and thus should not be addressed by this Court. Further, that claim, on which the majority bases its order discharging appellant, is clearly without merit. I therefore dissent.

The majority characterizes appellant's claim as a plea of *autrefois acquit.* Assuming the continued vitality of that common law plea in this Commonwealth, the issue thereby raised has not been preserved for appellate review.[1] At

**6.** Because of the disposition we make of this case, we do not reach the other questions raised by appellant.

**1.** Reprosecution on the same charge following an acquittal is statutorily prescribed under section 109(1) of the Crimes Code of 1972, 18 Pa.C.S. § 109(1). The waiver doctrine is not affected by that enactment. The issue of former acquittal is to be raised by omnibus pretrial motion in accordance with Pa.R.Crim.P. 306. *See Commonwealth v. Rabik,* 259 Pa.Super. 456, 393 A.2d 916 (1978); *Common-*

common law *autrefois acquit* was considered a special plea in bar. *See Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978); 21 Am.Jur.2d *Criminal Law* §§ 449, 458; Black's Law Dictionary 123 (rev. 5th ed. 1979); 4 W. Blackstone, Commentaries \*335; M. Friedland, *Double Jeopardy* 89–115 1 (1969); Sigler, "A History of Double Jeopardy," 7 Am.J. Legal Hist. 283 (1963); Note, 77 Harv.L.Rev. 1272 (1964); Comment, 45 J.Urban L. 405 (1967); *see also United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975); *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); *cf. Commonwealth v. Lee,* 490 Pa. 346, 351, 416 A.2d 503, 505 (1980) (Nix, J., concurring); *Commonwealth v. Peters,* 473 Pa. 72, 88, 373 A.2d 1055, 1063 (1977) (Nix, J., concurring); *Commonwealth v. Bolden,* 472 Pa. 602, 652, 373 A.2d 90, 114 (1977) (Nix, J., dissenting); *Commonwealth v. Morningstar,* 82 Pa.Super. 425 (1923). A plea in bar must be entered prior to trial; if not so entered it is waived. *Commonwealth v. Lee, supra,* 490 Pa. at 351, 416 A.2d at 505 (Nix, J., concurring); *Commonwealth v. Peters, supra,* 473 Pa. at 89, 373 A.2d at 1063 (Nix, J., concurring); *Commonwealth v. Bolden, supra* 472 Pa. at 655–565, 373 A.2d at 116 (Nix, J., dissenting); *Commonwealth ex rel. Papy v. Maroney,* 417 Pa. 368, 207 A.2d 814 (1965); *Commonwealth ex rel. Wallace v. Burke,* 169 Pa.Super. 633, 84 A.2d 254 (1951); *Commonwealth v. Gibbs,* 167 Pa.Super. 79, 74 A.2d 750 (1950); *Commonwealth v. Balles,* 163 Pa.Super. 467, 62 A.2d 91 (1948); 21 Am.Jur.2d *Criminal Law* § 461. Since appellant did not raise the issue of former acquittal until his second trial had been completed and a verdict returned, that claim clearly has been waived.

Under the view that the bar to reprosecution formerly afforded by a plea of *autrefois acquit* has been subsumed by double jeopardy protection, the result must be the same. It is well established in Pennsylvania that failure to raise a timely double jeopardy claim effects a waiver of that claim. *See Commonwealth v. Gilman,* 485 Pa. 145, 401 A.2d 335

wealth v. Davis, 247 Pa.Super. 450, 372 A.2d 912 (1977). Failure to so raise that issue constitutes a waiver thereof. Pa.R.Crim.P. 306(e).

(1979); *Commonwealth v. Peters, supra; Commonwealth v. White,* 264 Pa.Super. 495, 400 A.2d 194 (1979); *Commonwealth v. Rabik,* 259 Pa.Super. 456, 393 A.2d 916 (1978); *Commonwealth v. Carelli,* 291 Pa.Super. 502, 436 A.2d 228 (1981); *Commonwealth v. Fisher,* 244 Pa.Super. 361, 368 A.2d 762 (1976); *Commonwealth v. Splain,* 242 Pa.Super. 503, 364 A.2d 384 (1976); *Commonwealth v. Abruzzese,* 231 Pa.Super. 157, 331 A.2d 821 (1974); *Commonwealth v. Rispo,* 222 Pa.Super. 309, 294 A.2d 792 (1972). Moreover, it has long been recognized in the federal courts that constitutional immunity against double jeopardy is a personal right which will be regarded as waived if not affirmatively pleaded at the time of trial. *See United States v. Perez,* 565 F.2d 1227 (2d Cir.1977); *United States v. Young,* 503 F.2d 1072 (3d Cir.1974); *United States v. Scott,* 150 U.S.App.D.C. 323, 464 F.2d 832 (1972); *United States v. Buonomo,* 441 F.2d 922 (7th Cir.), *cert. denied,* 404 U.S. 845, 92 S.Ct. 146, 30 L.Ed.2d 81 (1971); *Grogan v. United States,* 394 F.2d 287 (5th Cir.1967), *cert. denied* 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed.2d 100 (1968); *Haddad v. United States,* 349 F.2d 511 (9th Cir.), *cert. denied,* 382 U.S. 896, 86 S.Ct. 193, 15 L.Ed.2d 153 (1965); *Ferina v. United States,* 340 F.2d 837 (8th Cir.), *cert. denied,* 381 U.S. 902, 85 S.Ct. 1446, 14 L.Ed.2d 284 (1965); *Kistner v. United States,* 332 F.2d 978 (8th Cir.1964); *Barker v. Ohio,* 328 F.2d 582 (6th Cir.1964); *Harris v. United States,* 237 F.2d 274 (8th Cir.1956). Thus, under either analysis of the nature of appellant's claim, it has not been preserved for our review.

In addition, even if appellant's former acquittal claim had been preserved he would not be entitled to relief. The fact that the jury, having convicted appellant of third degree murder, returned an unnecessary additional verdict of not guilty of voluntary manslaughter does not render that latter verdict an acquittal. "The word itself has no talismanic qualities for purposes of the Double Jeopardy Clause." *Serfass v. United States,* 420 U.S. 377, 392, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265, 276 (1975). In order to have the effect of a judgment of acquittal, the jury's action must have repre-

sented a resolution in appellant's favor, correct or not, of some or all of the factual elements of the offenses charged. *United States v. Scott,* 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977); *Commonwealth v. Wimberly,* 488 Pa. 169, 411 A.2d 1193 (1979). Obviously it did not.

The first jury's verdict of not guilty of voluntary manslaughter represents nothing more than a rejection of voluntary manslaughter as an appropriate verdict in the instant case. That rejection was dictated by the jury's finding of malice, which is necessarily implied from its verdict of third degree murder. The bar to retrial arises where the first jury finds that the Commonwealth case is insufficient to establish the elements of the charge question. The finding by the first jury in this matter was to the contrary. They found a malicious killing. Their rejection of the charge of voluntary manslaughter was not on the basis of a finding that the state had not proven that degree of culpability; to the contrary, it represented an expression by the jury that the evidence reflected an even higher degree of culpability. The mere use of the words "not guilty" does not give that judgment a quality that was obviously not intended by the body rendering it.

The verdict on the charge of voluntary manslaughter is mere surplusage born of the jury's misunderstanding as to the proper procedure to be followed in announcing its decision; it represents neither a factual resolution nor a finding in appellant's favor. Thus it cannot be said to have the effect of an acquittal, and was no bar to appellant's reprosecution for voluntary manslaughter.

Appellant's remaining claim of trial error, not reached by the majority, is also without merit. Accordingly, I would affirm the judgment of sentence.

McDERMOTT, J., joins in this dissenting opinion.

HUTCHINSON, J., joins in Part I of this dissenting opinion.

HUTCHINSON, Justice, dissenting.

I agree with Mr. Justice Nix that the issue of appellant's purported prior acquittal of voluntary manslaughter has been waived and thus should not be addressed by this Court. Consequently, I would not discuss the merits of appellant's claim.