509 A.2d 1301

COMMONWEALTH of Pennsylvania, Appellant,

v.

Harold L. SCOTT, Sr.

Superior Court of Pennsylvania.

Submitted March 10, 1986.

Filed May 19, 1986.

Kenneth J. Benson, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Harold C. Scott, Pittsburgh, for appellee.

Before WICKERSHAM, WATKINS and CERCONE, JJ.

CERCONE, Judge:

This is an appeal by the Commonwealth from the lower court's grant of appellee's, Harold Scott, Post Conviction Hearing Act Petition [1] reversing judgment of sentence and ordering appellee discharged.

The Commonwealth urges us to review the following issues: whether appellee's retrial and conviction of voluntary manslaughter violated the prohibition against double jeopardy; and whether appellee waived his right to assert the claim of double jeopardy.

The facts, stipulated to by the parties, are as follows:

In 1975 appellee was convicted, by a jury, of first degree murder and violation of the Uniform Firearms Act and sentenced to life imprisonment. Upon appeal to the Supreme Court, appellee's conviction was reversed on grounds that the lower court erred in refusing to allow the defense to present evidence that would negate the specific intent needed for conviction of first degree murder. In January, 1979 appellee's second trial commenced wherein the jury found him guilty of third degree murder and the firearms violation. On the verdict slip returned by the jury appellee was found not guilty of first degree murder, voluntary manslaughter or involuntary manslaughter, crimes for which evidence was presented at trial and the jury charged. After denial of his post trial motions appellee was sentenced to ten to twenty years imprisonment. Appellee again appealed to the Supreme Court and for the second time his conviction was overturned this time on a finding that appellee was denied a fair trial when the lower court ruled that a defense witness could be cross-examined about defendant's

---

1. 42 Pa.C.S.A. § 9541 *et seq.*

two prior arrests neither of which led to a conviction. In 1982 appellee was tried a third time by the court sitting without a jury. At this non-jury trial he was adjudged guilty of voluntary manslaughter and the firearms violation. Defense counsel, by oral motion, waived appellee's right to file post verdict motions and appellee was sentenced to six to twelve years incarceration. He was released from custody shortly thereafter for credit of time served following his first conviction. On October 5, 1985 appellee filed a PCHA petition asserting a claim of double jeopardy and seeking a discharge. Appellee contended that he was acquitted of voluntary manslaughter when at his second trial the jury returned a verdict of "not guilty" of voluntary manslaughter. Thus, he argues, his conviction of voluntary manslaughter after his third trial violated principles of double jeopardy. Without conducting an evidentiary hearing the lower court granted appellee's petition entering an order vacating the judgment of sentence and discharging appellee. In its opinion in support of the order the lower court stated that the holding of *Commonwealth v. Beck*, 502 Pa. 78, 464 A.2d 316 (1983) is directly on point and controls appellee's claim that his third conviction on the charge of voluntary manslaughter violates his constitutional guarantee against being placed twice in jeopardy since he was found not guilty of this charge by a jury in his second trial.

In *Beck, supra* the appellant was tried on the charges of murder, manslaughter and conspiracy. Following trial, the jury returned the following verdict: not guilty of first degree murder; not guilty of voluntary manslaughter, not guilty of criminal conspiracy; and guilty of third degree murder. After post verdict motions were denied and a sentence of imprisonment imposed, Beck appealed to the Supreme Court. On appeal judgment of sentence was reversed and a new trial granted.

Beck was retried before a jury on charges of third degree murder and voluntary manslaughter. Appellant Beck filed

no pretrial motions nor did he make any objection to the voluntary manslaughter charge prior to or during the evidentiary phase of the retrial. The jury returned a verdict of guilty of voluntary manslaughter. The appellant objected to the recording of the verdict on the grounds that his conviction of voluntary manslaughter violated his constitutionally protected right to be free from being twice placed in jeopardy of the same offense. His objection was based on the noteworthy fact that he had been previously found not guilty of the identical crime on the same facts. Appellant's objection was overruled and his post trial motions which included a motion in arrest of judgment were denied. On appeal to the Supreme Court Beck argues that his conviction on retrial of voluntary manslaughter, a crime of which he previously was found not guilty, and the judgment of sentence imposed by the trial court are invalid. A majority of the Supreme Court reversed Beck's conviction holding that:

In the former prosecution of the appellant the jury specifically acquitted him of voluntary manslaughter. This acquittal prevents further prosecution for the same offense based on the same facts. "The verdict of a jury, upon a valid indictment, in a court of competent jurisdiction, acquitting the defendant of the fact is an absolute bar to any subsequent prosecution for the same offense." *Commonwealth v. McEvans*, 92 Pa.Super. 124, 128 (1927); *Commonwealth v. Kroekel*, 121 Pa.Super. 423, 183 A. 749 (1936)....

The appellant Beck was found guilty of third degree murder and not guilty of voluntary manslaughter in his first trial. On appeal, the appellant was awarded a new trial. More than a century ago this court said: "[W]here there has been an acquittal on one count, and a conviction on another, a new trial can be granted only on the count on which there has been a conviction...." *Hollister v. Commonwealth*, 60 Pa. 103 (1869). Since appellant was found not guilty of voluntary manslaughter, he could not

be tried again on that charge. The new trial granted to appellant Beck in this case could only be on the charge for which he was convicted-third degree murder. The court does not have the right to grant a new trial on a charge for which the appellant was acquitted. *Commonwealth v. Kroekel, supra.*

*Id.*, 502 Pa. at 81, 82, 464 A.2d at 317, 318.

In *Beck* the Commonwealth argued that appellant waived the issue of his prior acquittal of the charge of voluntary manslaughter because he failed to raise the question before the case went to the jury. The Court opined:

We cannot agree with the Commonwealth's contention under the circumstances of this case. The doctrine of waiver has no application in a situation such as this where the appellant was previously acquitted of the charge against him. The issue of former acquittal is similar to the issue of subject matter jurisdiction. It may be raised at any time, even after the jury returns a verdict. Such a verdict is absolutely invalid as is any resulting sentence which may be imposed. This is so because the conviction of a crime on the same facts for which the accused was formerly acquitted in a prior trial is a nullity.

*Id.*, 502 Pa. at 83, 464 A.2d at 318.

In the case *sub judice* the Commonwealth submits that *Beck, supra,* was wrongly decided and "to the extent it cannot be distinguished from the instant case, it ought not be followed." The defect which the Commonwealth views as inherent in the *Beck* opinion is the majority's failure to consider the effect a finding of defendant's guilt on one charge has on a simultaneous finding of not guilty as to a lesser included offense. In other words, the Commonwealth avers that voluntary manslaughter is a lesser included offense of third degree murder, the crime of which appellee was convicted at his second trial. Accordingly, the jury's verdict of "not guilty of voluntary manslaughter" represents nothing more than a rejection of voluntary man-

slaughter as an appropriated verdict and is not an acquittal of the crime. The Commonwealth further advances that the court in *Beck, supra,* relied "too heavily and too instinctively upon a hypertechnical interpretation of the term acquittal." The Commonwealth's argument is an adoption of Justice Nix's (now Chief Justice Nix) dissent in *Beck* wherein he stated:

> The verdict on the charge of voluntary manslaughter is mere surplusage born of the jury's misunderstanding as to the proper procedure to be followed in announcing its decision; it represents neither a factual resolution nor a finding in appellant's favor. Thus it cannot be said to have the effect of an acquittal, and was no bar to appellant's reprosecution for voluntary manslaughter.

*Id.,* 502 Pa. at 86, 464 A.2d at 320.

■ Our analysis of the record reveals that factually and procedurally this case is on point with *Beck, supra.* Here, appellee was convicted of third degree murder at his second trial. As the result of a successful appeal, appellee was retried on the same charge arising out of the same set of facts and adjudged guilty of voluntary manslaughter a crime of which he was specifically acquitted at his second trial by the jury. Clearly, appellee's case falls within the scenario of *Beck, supra.* While we agree with the Commonwealth that a defendant is not placed twice in jeopardy when he is retried after a successful appeal, the right to be free from successive prosecutions is violated when a defendant is prosecuted for the same offense of which he was acquitted. *Commonwealth v. Hogan,* 482 Pa. 333, 393 A.2d 1133 (1978); *Beck, supra.* We are not persuaded by the Commonwealth's argument that *Beck, supra,* can be deemed inapplicable to the facts herein merely because its dissent describes another view to the issue raised. Nor can we as an intermediate appellate court alter the decisional law of our Supreme Court. Neither this court nor any lower court may dismiss a Supreme Court decision. The orderly administration of justice would become impossible if

the decisions of the Court of last resort could be thus ignored. *Rambo v. Commissioner of Police,* 301 Pa.Superior Ct. 135, 111, 447 A.2d 279 (1982); *Commonwealth v. Butch,* 257 Pa.Superior Ct. 242, 390 A.2d 803 (1978).

The Commonwealth also maintains that the issue of appellee being placed twice in jeopardy is not properly before us on appeal as it was waived when defense counsel, at the conclusion of appellee's third trial, orally waived the right to file post trial motions.[2]

The opinion in *Beck, supra,* makes it clear that the doctrine of waiver has no application in a situation such as this where appellee was previously acquitted of the charge against him. The court analogized acquittal to subject matter jurisdiction in that it may be raised at any time even after the jury returns a verdict.[3] *Cf. Commonwealth v. Helms,* 352 Pa.Superior Ct. 65, 506 A.2d 1384 (1986) citing *Commonwealth v. Little,* 455 Pa. 163, 314 A.2d 270 (1974) *aff'd.* 468 Pa. 13, 359 A.2d 788 (1976) (objections to subject matter jurisdiction may be made at any stage in the proceedings by the parties or the court on its own motion); *Commonwealth v. Adams,* 350 Pa.Superior Ct. 506, 504 A.2d 1264 (1986) (despite numerous opportunities to do so appellant's failure to raise claim of illegal sentence does not bar appellate consideration of the issue). Therefore, appellee's waiver of his right to file post trial motions does not preclude his raising the issue of double jeopardy in a PCHA petition.

For the aforementioned reasons we affirm the lower court's order vacating the judgment of sentence and discharging appellee.

**2.** We note that appellee asserted his double jeopardy claim in a PCHA petition. He did not allege ineffective assistance of trial counsel for failure to preserve appellee's post trial rights.

**3.** The record indicates that appellee, prior to his third trial, filed a *pro se* "Motion in prohibition of prosecution and to dismiss the indictment with prejudice to the Commonwealth." Appellee's counsel did not pursue the motion and the trial court did not address it.