J-A08043-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMAL STREATER, | : | |
| | : | |
| Appellant | : | No. 1504 EDA 2015 |

Appeal from the Order Entered May 5, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013825-2014

BEFORE:    PANELLA, LAZARUS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JUNE 27, 2018**

Jamal Streater (Appellant) appeals from the May 5, 2015 order denying his motion to dismiss, which alleged that the Commonwealth's DUI prosecution was barred by the compulsory joinder statute, 18 Pa.C.S. § 110. Upon review, we affirm.

We glean the following factual and procedural history from the record. On May 19, 2013, Appellant was stopped for a motor vehicle violation. He was arrested and charged with driving under the influence (DUI) and was issued a traffic citation for driving without headlights. On July 23, 2013, Appellant was found guilty *in absentia* of the traffic offense in Philadelphia Municipal Court–Traffic Division. Thereafter, Appellant's DUI charge proceeded to the Philadelphia Municipal Court–General Division. Appellant filed a motion to dismiss the DUI charges based on compulsory joinder.

*Retired Senior Judge assigned to the Superior Court.

J-A08043-18

Specifically, Appellant argued that the former prosecution of the traffic offense barred the prosecution of the DUI charge pursuant to 18 Pa.C.S. § 110(1)(ii). The court denied the motion and Appellant was found guilty of DUI on December 4, 2014. Appellant appealed the DUI conviction to the Court of Common Pleas for a trial *de novo*, and filed another motion to dismiss pursuant to 18 Pa.C.S. § 110(1)(ii) before that court. On May 5, 2015, the trial court denied the motion. This timely-filed appeal followed.[1, 2, 3]

On appeal, Appellant argues that compulsory joinder required that the Commonwealth prosecute him contemporaneously for the DUI charge and

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but the trial court did file a 1925(a) opinion.

[2] "Because the protection of the compulsory joinder of charges statute is in the nature of protection against double jeopardy, an order denying a motion to invoke that statute's protection is similarly subject to immediate appeal." **Commonwealth v. Barber**, 940 A.2d 369, 376 (Pa. Super. 2007) (citations omitted).

[3] This Court granted a continuance at the request of the parties pending the *en banc* decision in, *inter alia*, **Commonwealth v. Perfetto**. *Per Curiam* Order, 11/15/2016. The *en banc* decision in that case was filed on August 30, 2017. **Commonwealth v. Perfetto**, 169 A.3d 1114 (Pa. Super. 2017) (*en banc*), *appeal granted*, 182 A.3d 435. Though our Supreme Court granted Perfetto's petition for allowance of appeal on February 27, 2018, that case is still pending and the *en banc* panel's decision remains controlling law until our Supreme Court holds otherwise. We note that supplemental briefs were not filed in the instant case following the *en banc* panel's decision.

- 2 -

the traffic offense because they were part of the same criminal episode.[4]

Because the Commonwealth prosecuted him solely for the traffic offense

---

[4] The Commonwealth alleges that Appellant waived his right to file a motion to dismiss before the trial court because he elected to forgo review of the denial of his first motion to dismiss under a writ of *certiorari*, and instead proceeded to a trial *de novo*. The Commonwealth cites **Commonwealth v. Perillo**, 626 A.2d 163, 168 n.6 (Pa. Super. 1993) for the proposition that a "defendant who acquiesced to retrial waived claim that trial was barred[,]" but that is not what the footnote states. Appellant's Brief at 5.

> We note, however, that appellant misstates the law in claiming that double jeopardy cannot be waived and may be raised at any time, even after trial and verdict. **See** appellant's brief at 19. In **Commonwealth v. Gilman**, [] 401 A.2d 335 ([Pa. ]1979), the [S]upreme [C]ourt held that a defendant waived his claim that retrial amounted to double jeopardy **because he did not move to dismiss prior to retrial** on a felony murder charge. **See also Commonwealth v. Peters**, [] 373 A.2d 1055 ([Pa. ]1977) (defendant **waived double jeopardy claim by failure to raise it prior to second trial**). Contrary to appellant's assertions, **Commonwealth v. Beck**, [] 464 A.2d 316 ([Pa. ]1983), stands for the limited proposition that the doctrine of waiver has no application where the defendant was acquitted of the charge in the previous trial.

**Perillo**, 626 A.2d at 168 n.6 (emphasis added).

"A trial *de novo* gives the defendant a new trial without reference to the Municipal Court record; a petition for writ of *certiorari* asks the Common Pleas Court to review the record made in the Municipal Court." **Commonwealth v. Beaufort**, 112 A.3d 1267, 1269 (Pa. Super. 2015) (citation omitted) (holding that issue of whether appellant was timely tried in Municipal Court became moot when he decided to forgo review of that motion by writ of *certiorari* and instead proceeded to a trial *de novo*). A trial *de novo* does not allow relitigation of pretrial motions, such as a motion to suppress. **Commonwealth v. Harmon**, 366 A.2d 895 (Pa. 1976).

Here, Appellant argued that any trial, including his *de novo* trial, for the DUI charge is barred by the compulsory joinder rule because the

*(Footnote Continued Next Page)*

first, Appellant argues that the trial court erred in denying his motion to dismiss the subsequent DUI case. Appellant's Brief at 4.

Appellant's claim raises a question of law; therefore, our standard of review is *de novo* and our scope is plenary. **Commonwealth v. Fithian**, 961 A.2d 66, 71 n.4 (Pa. 2008).

The compulsory joinder statute sets forth the requirements for when a current prosecution is barred by a former prosecution for a different offense.

> Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:
>
> > (1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for the same offense) and the subsequent prosecution is for:
> >
> > ***
> >
> > (ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense[.]

*(Footnote Continued)* ───────────────

Commonwealth decided to try him separately for the traffic offense first. The fact that Appellant previously filed a motion to dismiss is irrelevant because a trial *de novo* does not consider the municipal court record. Moreover, because he was facing a retrial, Appellant had to file a new motion to dismiss or waive that issue for appeal. **See Perillo, supra**. Accordingly, we are not persuaded by the Commonwealth's waiver argument.

18 Pa.C.S. § 110(1)(ii).

Here, Appellant was charged in the city and county of Philadelphia with a traffic offense and DUI arising from the same criminal episode. The Commonwealth prosecuted the traffic offense first, and following that conviction *in absentia*, proceeded on the DUI charge. Generally, 18 Pa.C.S. § 110(1)(ii) would bar the subsequent prosecution of Appellant's DUI charge because it arose out of the same criminal episode within the same judicial district that triggered his former prosecution for the traffic offense. However, an *en banc* panel of this Court recently examined a factually similar situation, and found that because of the "jurisdictional exceptions applicable to Philadelphia," compulsory joinder does not bar the prosecution of a DUI charge following a conviction for a traffic violation in Philadelphia Municipal Court–Traffic Division, even though the DUI charge and the traffic offense stem from the same criminal episode. **Perfetto**, 169 A.3d at 1116.

In **Perfetto**, the defendant was stopped in the city and county of Philadelphia and charged with several counts of DUI, as well as a traffic offense for driving without lights. Perfetto was found guilty *in absentia* for the traffic offense in the Philadelphia Municipal Court–Traffic Division. Subsequently, he was prosecuted on the DUI charges in the Philadelphia Municipal Court–General Division. Following a preliminary hearing, Perfetto's case was listed for trial in the Court of Common Pleas. Prior to trial, Perfetto

filed a motion to dismiss pursuant to 18 Pa.C.S. § 110(1)(ii). The trial court granted Perfetto's motion, finding that the 2013 merger of the formerly separate Traffic Court with the Philadelphia Municipal Court "brought [the] charges within the jurisdiction of the same court, and [] the policy aims of 18 Pa.C.S. § 110(1)(ii) dictated that the secondary prosecution be barred." *Id.* at 1116-17. The Commonwealth appealed, and the matter was certified to an *en banc* panel of this Court.

On appeal, this Court focused on the 2002 amendment to 18 Pa.C.S. § 110(1)(ii), which removed the phrase "was within the jurisdiction of a single court[,]" and replaced it with "occurred within the same judicial district." *Perfetto*, 169 A.3d at 1119 (quoting 18 Pa.C.S. § 110(1)(ii)). We concluded that

> the amended language of Section 110 is clear and unambiguous, and it requires a court to consider *not* the jurisdiction of a court, but rather whether multiple offenses occurred within the same judicial district. If so, and provided the prosecutor is aware of the offenses, all charges shall be joined and prosecuted together. Thus, the addition of the "same judicial district" language requires that all charges occurring within the same judicial district, arising from the same criminal conduct or criminal episode, and known to a prosecutor, shall be joined at the time of commencement of the first prosecution.

*Id.* at 1120 (emphasis in original; citation omitted).

Thus, the fourth prong of the four-prong test to determine whether compulsory joinder applies in a given case was modified following the 2002 amendment as follows:

- 6 -

(1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) **all charges [are] within the same judicial district as the former prosecution**.

*Id.* at 1119 (emphasis in original; citations omitted).

As in **Perfetto**, there is no question that in the instant case, the first three prongs were satisfied. Rather, the issue narrowly focuses on the fourth prong of the test. In that regard, Appellant argues that the trial court erroneously focused on a "jurisdictional" element, which he claims is no longer part of the four-prong test following the 2002 amendment. Appellant's Brief at 11-12. However, this Court concluded in **Perfetto** that jurisdictional considerations are still pertinent.

[W]hile jurisdiction is no longer an element of the compulsory joinder test, the jurisdiction of a court remains a consideration implicit to any compulsory joinder analysis, and it is particularly important in those judicial districts that, for various reasons, have distinct minor courts or magisterial district judges vested with exclusive jurisdiction over specific matters.

**Perfetto**, 169 A.3d at 1121 (footnote omitted). This is particularly so in Philadelphia, which has a unique jurisdictional organization compared to other Pennsylvania jurisdictions.

In judicial districts with a designated and open traffic court such as Philadelphia, 42 Pa.C.S. § 1302 expressly defines the jurisdiction of a traffic court and effectively carves out an exception to the normal operation of the compulsory joinder rule.

\* \* \*

> This distinction requires that all summary traffic violations be adjudicated in the traffic court of a judicial district. Therefore, where a defendant is charged with a summary traffic violation, a misdemeanor, and a felony, in judicial districts with a traffic court, the Title 75 summary offense may be disposed of in a prior proceeding in the traffic court, which has exclusive jurisdiction to hear it, without violating the compulsory joinder rule.

*Id.* at 1121-22 (footnote omitted).  Thus, we must look at Philadelphia's unique jurisdictional structure in light of the compulsory joinder statute, specifically as it pertains to the prosecution of cases involving a traffic offense and a misdemeanor from the same criminal episode.

On June 19, 2013, the Philadelphia Municipal Court underwent a restructuring wherein it absorbed the previously independent Traffic Court.[5]

> The new Municipal Court comprises two administrative sections, designated the General Division and the Traffic Division. 42 Pa.C.S. § 1121. These divisions have unique jurisdiction as defined in 42 Pa.C.S. § 1123(a) (relating to jurisdiction and venue). Among the matters listed as within the jurisdiction of the Philadelphia Municipal Court are prosecutions for summary offenses arising under Title 75. 42 Pa.C.S. § 1123(a)(9)[.]

---

[5] At oral argument, Appellant attempted to distinguish **Perfetto** because Appellant was charged on May 19, 2013, before this restructuring, whereas Perfetto was charged after the restructuring.  This argument is specious. While Appellant was charged prior to the restructuring, he was prosecuted on his traffic offense following the restructuring, in the newly created Philadelphia Municipal Court–Traffic Division, on July 23, 2013.  His prosecution on the DUI charge proceeded after that in the Philadelphia Municipal Court–General Division.  Thus, his **prosecutions** did not predate the 2013 restructuring, and **Perfetto** is not distinguishable on that basis.

*Id.* at 1122. However, our Supreme Court has reassigned summary traffic violations to the Philadelphia Municipal Court–Traffic Division. *Id.* at 1123.

> Particularly, rules 1002 and 1030 of the Rules of Criminal Procedure for the Municipal Court and the Philadelphia Municipal Court[-]Traffic Division, as amended after June 19, 2013, distinguish between non-traffic summaries and traffic summaries, and their comments reinforce that the Traffic Division has jurisdiction over traffic summary offenses. *See* Pa.R.Crim.P. [] 1002, cmt. ("all summary offenses under the motor vehicle laws ... are under the jurisdiction of the Municipal Court[-]Traffic Division"); 1030, cmt. ("the jurisdiction and functions of the Philadelphia Traffic Court were transferred to the Philadelphia Municipal Court[-]Traffic Division").

> The aforementioned amendments, collectively, illuminate our Supreme Court's intent following the restructure to divide the Philadelphia Municipal Court's labor to allocate disposition of summary traffic offenses solely to the Philadelphia Municipal Court Traffic Division.

*Id.* at 1124 (footnote omitted). Given this jurisdictional structure, this Court held that

> in the context of compulsory joinder, where a defendant is charged with a summary traffic violation and a misdemeanor, the Title 75 summary offense must be disposed of in a proceeding in the Philadelphia Municipal Court[-]Traffic Division, which has jurisdiction exclusive of the Court of Common Pleas, and a separate proceeding must be held for the remaining, higher offenses.

*Id.*

Considering Philadelphia's unique jurisdictional structure with the compulsory joinder statute, the *Perfetto* Court held that, in Philadelphia, compulsory joinder will not bar a prosecution for DUI arising out of the same

criminal episode as a traffic offense for which a defendant has already been prosecuted in the Traffic Division.

> Section 1302 carves out an exception to compulsory joinder and directs that the summary traffic offense is within the exclusive jurisdiction of the traffic court. A prior disposition of a summary traffic offense in a traffic court does not bar the later prosecution of other criminal charges which arose in the same judicial district and at the same time as the summary traffic offense.
>
> In sum, the amended language "occurred within the same judicial district" found in Section 110 is clear and unambiguous. Rather, a court must consider whether all charges occurred in the same judicial district. Because of the implicit consideration of jurisdiction, where summary traffic offenses are included in multiple crimes charged, in those judicial districts which have a separate traffic court, the summary traffic offenses may reach disposition in a single, prior proceeding without precluding subsequent prosecution of higher offenses. Where there is a separate traffic court, the traffic court is charged with disposing with the summary traffic violation(s) of the crimes charged without violation of the compulsory joinder rules. In those judicial districts which do not have a separate traffic court, the four-prong test compulsory joinder must be applied in order to determine whether the compulsory joinder rules have been violated.
>
> Here, because of the unique jurisdictional organization of the Philadelphia Courts, [Perfetto's] subsequent DUI prosecution is not barred.

*Id.* at 1124-25.

Like Perfetto, Appellant was charged with a traffic offense and DUI from the same criminal episode occurring within the city and county of Philadelphia. Like Perfetto, Appellant was tried first for the traffic offense in the newly restructured Philadelphia Municipal Court–Traffic Division, and was found guilty *in absentia*. Like Perfetto, the Commonwealth next proceeded

with Appellant's DUI prosecution, and Appellant sought dismissal for a violation of compulsory joinder. Accordingly, because Appellant's circumstances are practically identical to those of Perfetto, we find that for the reasons stated by this Court in **Perfetto**, **supra**, compulsory joinder does not apply, and the trial court did not err in denying his motion to dismiss.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/27/18