J-S35009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIS EDWARD ENGLERT | : | |
| | : | |
| Appellant | : | No. 146 MDA 2023 |

Appeal from the Judgment of Sentence Entered September 19, 2022
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000604-2021

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and COLINS, J.[*]

CONCURRING MEMORANDUM BY COLINS, J.:   **FILED: FEBRUARY 21, 2024**

I join with my learned colleagues on the merits of both issues and concur in the result. I write separately, however, to correct what I believe is a confusing statement about the preservation requirements for double jeopardy claims.

I agree with the majority that Appellant did not have to object to the failure of the first trial judge to enter a verdict on the summary offense to preserve a double jeopardy claim with respect to retrial on that charge. Maj. Dec. 7-8. I disagree, however, that Appellant had no obligation to otherwise preserve his double jeopardy claim before the second trial court.

In 1977, the Pennsylvania Supreme Court held that an appellant had waived his double jeopardy claim that a *sua sponte* declaration of mistrial

_____

[*] Retired Senior Judge assigned to the Superior Court.

barred retrial when he "failed to plead double jeopardy prior to his second trial." **Commonwealth v. Peters**, 373 A.2d 1055, 1057 (Pa. 1977). The Court distinguished between remaining silent at the time the *sua sponte* mistrial declaration was made and "the failure to raise the issue prior to commencement of the second trial." *Id*. The first was not a waiver of the claim, but the second was. *Id*. Here, the trial court declared a mistrial because of a hung jury and failed to enter a verdict on the summary offense. This is akin to a *sua sponte* declaration of mistrial in that jeopardy attached, but due to a court order (or failure to enter an order) a verdict was not reached. **Peters** therefore controls and Appellant had to preserve in the trial court his double jeopardy claim that a second trial was barred.[1]

However, the Majority holds that "[d]ouble jeopardy claims implicate the legality of sentence and therefore are not subject to waiver" and cites to **Commonwealth v. Andrews**, 768 A.2d 309, 313 (Pa. 2001). A correct statement of the law would be that **some** double jeopardy claims implicate the legality of sentence and so are not subject to waiver, but not all double jeopardy claims. As a general matter, there are two broad categories of double jeopardy claims: those that seek to bar a subsequent prosecution for the same offense; and those that seek to bar multiple punishments on a single offense.

---

[1] Appellant was not acquitted of the summary offense. A rule of non-waivability might apply where the first trial had ended in an acquittal. **See Commonwealth v. Beck**, 464 A.2d 316, 318 (Pa. 1983) ("The doctrine of waiver has no application … where the appellant was previously acquitted of the charge against him[;] The issue of former acquittal is similar to the issue of subject matter jurisdiction").

A claim that sentencing on a conviction was barred by double jeopardy would implicate the legality of sentence imposed on that conviction. *Id.* In contrast, the claim here is that a second prosecution was barred.

The *Andrews* opinion demonstrates this distinction. The category of double jeopardy claim that the Court stated were unwaivable were those that asserted the prohibition against multiple punishments:

> The double jeopardy prohibition against multiple punishment for the same offense serves to "prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983). As a result, such challenges have been treated as implicating the legality of the sentence. *See Commonwealth v. Gillespie*, 512 Pa. 349, 355, 516 A.2d 1180, 1183 (1986) (plurality opinion).

*Andrews*, 768 A.2d at 313. In other words, a double jeopardy bar to sentencing implicates the legality of a sentence on a given conviction because it limits what sentence may be imposed. A challenge to the propriety of the conviction or prosecution does not limit the trial court's sentencing discretion.[2]

_____

[2] In *Andrews*, the Supreme Court held that the specific claim before it – whether Andrews could be sentenced on multiple conspiracies arising from the same criminal incident – was not properly treated as a legality of sentence claim at all. Rather, it was properly a challenge to the sufficiency of the evidence for multiple conspiracies, which in the future would have to be first presented to the finder of fact. *Andrews*, 768 A.2d at 314 ("we agree with the Commonwealth that the issue is more properly presented as a challenge to the sufficiency of the evidence, with the facts being reviewed in the light most favorable to the verdict winner" … "the present issue concerns proof of separate offenses, neither of which is a constituent of the other"). In short, the type of double jeopardy claim addressed in *Andrews* challenged the propriety of multiple convictions of conspiracy and possessory offenses, not
*(Footnote Continued Next Page)*

Recently, the Pennsylvania Supreme Court made this distinction explicit under waiver principles. In **Commonwealth v. Hill**, 238 A.3d 399 (Pa. 2020), the Court ruled that a double jeopardy challenge to a sentence imposed was non-waivable and could be raised for the first time in a Petition for Allowance of Appeal, but that a double jeopardy claim to the underlying conviction was waivable and could not be raised for the first time on appeal. At issue in the Court's ruling was Hill's conviction for two counts of DUI – general impairment arising from a single incident of DUI, where each conviction was linked to a different sentencing provision. **Id**. at 402-403. It applied the "current state of the law" and held, "pursuant to [**Commonwealth v.**] **Spruill**," 80 A.3d 453 (Pa. 2013) that Hill "waived any complaint he has concerning his second DUI conviction as he failed to preserve that issue below, but that his challenge to his second sentence for DUI implicates the legality of his sentence, rendering that part of his claim non-waivable." **Hill**, 238 A.3d at 408. More specifically, the Court held that because Hill argued that "the trial court sentenced and, therefore, punished him twice for the same DUI offense" it "implicated the legality of sentence, rendering the issue non-waivable." **Id**. at 409.

the legality of the sentence that could be imposed on each proper conviction. The Supreme Court reviewed the claim not because it implicated the legality of sentence, but because "existing precedent supported the manner in which Andrews raised the claim," and the Commonwealth did not argue waiver. **Id**. at 314-315.

Appellant's challenge is to a second prosecution for the summary offense. As such it is more akin to a claim of trial error than it is to a claim that a sentence is illegal. Double jeopardy claims concerning multiple prosecutions must be preserved in most instances. *See Commonwealth v. Gilman*, 401 A.2d 335, 338 (Pa. 1979) (appellant waived claim that retrial ordered by appellate court constituted double jeopardy "because there was no motion to dismiss prior to the retrial"); *Commonwealth v. Dawson*, 87 A.3d 825, 828 (Pa. Super. 2014) ("claims based on the Double Jeopardy clauses are waiv[a]ble in some circumstances;" holding that the appellant's compulsory joinder and double jeopardy claims were waived by obtaining severance). *See also Commonwealth v. Thorton*, 791 A.2d 1190, 1192 (Pa. Super. 2002) (the appellant waived his double jeopardy argument by failing to include it in his Rule 1925(b) statement).

Appellant was therefore obligated to object to a second trial on the summary offense before the trial court. Ideally, this should have been done prior to the commencement of the second trial, which Appellant did not do. Nonetheless, he did raise the double jeopardy claim in his Supplemental Post Sentence Motion and requested that the summary conviction be vacated. Appellant's Supplemental Post Sentence Motion, ¶¶ 3-6 (filed Dec. 1, 2022). Therefore, the claim was raised in accordance with Pa.R.Crim.P. 720(B)(1)(b), and the trial court denied both the post sentence motion and supplemental motion by written order filed on December 28, 2022. As a result, Appellant's

double jeopardy claim is ripe for review on appeal because it was raised before the trial court.[3]

I agree with the majority that the second prosecution for the summary offense was barred. *See* 18 Pa.C.S. § 109(4) (barring prosecution for violation of the same provision of a statute based upon the same facts as a former prosecution where "[t]he former prosecution was improperly terminated after the first witness was sworn but before a verdict"). As the Majority explains, the first trial court was obligated to enter some verdict on the summary offense when it directed a mistrial on the charges that went to the jury. Appellant's conviction of the summary offense of driving with a suspended license, therefore, should be vacated.

---

[3]There remains a question of whether a double jeopardy challenge to a second prosecution for the same offense must be raised prior to the start of, or entry of a verdict at, the second trial. Under the circumstances presented, where Appellant would not be eligible to seek PCRA relief on this claim because he was only sentenced to pay a fine for his summary offense, *Commonwealth v. Reigel*, 75 A.3d 1284, 1288-89 (Pa. Super. 2013), we should not readily require precise timing in raising this claim where it was in fact raised before the trial court in accordance with the Rules of Criminal Procedure.