411 A.2d 767

**COMMONWEALTH of Pennsylvania**

**v.**

**Gordon THOMAS, Appellant.**

Superior Court of Pennsylvania.

Argued July 31, 1979.

Filed Oct. 5, 1979.

Petition for Allowance of Appeal Denied Dec. 21, 1979.

376

Jack M. Myers, Philadelphia, for appellant.

Neil Kitrosser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

CIRILLO, Judge:

On November 29, 1976, appellant Gordon Thomas was arrested and charged with the murder of John McCullough and the possession of an instrument of crime. The case came to trial before the Honorable John A. Geisz and a jury on April 4, 1977, in the Court of Common Pleas in Philadelphia County. On April 20, 1977, a mistrial was declared due to prejudicial questions asked by the Assistant District Attorney, and the jury was dismissed. Prior to relisting the case for trial, appellant filed a petition to dismiss on grounds of double jeopardy. On October 21, 1977, a hearing on the motion was held before the Honorable Merna B. Marshall. Judge Marshall denied appellant's motion on November 15, 1977, and this appeal followed.

Appellant asserts that retrial is barred pursuant to the Double Jeopardy Clause because the intentional or grossly negligent conduct of the prosecutor forced him to move for a mistrial. We do not agree and affirm the lower court's order denying appellant's motion for discharge.

At trial, the Commonwealth presented evidence from several witnesses that appellant stabbed the victim in his throat, inside a bar. The last eyewitness called before the mistrial, Gerald Dowling, testified generally with the same certainty as the other witnesses. On cross-examination, however, peripheral differences were pointed out between his testimony at the preliminary hearing and his testimony at trial. Additionally, Mr. Dowling testified that on the night of the stabbing, the other witnesses, who at trial testified with certainty, had told him that they had developed "sudden amnesia" and had not seen or heard anything, apparently fearing reprisal if they got involved. On redirect examination, the prosecutor asked Mr. Dowling:

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania, and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

Question (By Assistant District Attorney): "What happened to your amnesia after you got shot at, after you testified at this preliminary hearing?"

The defense then moved for a mistrial. Following an evidentiary hearing where it was found that there was no evidence to connect this intimidation of Dowling with the appellant, the court ruled the question improper, but denied appellant's request for a mistrial. The jury was instructed to disregard the question.

Following the cautionary instruction, the redirect examination of Mr. Dowling was resumed, and the Assistant District Attorney then asked:

Question: "Have you at any time during this case been offered police protection?"

The defense again requested a mistrial, and the second motion was granted.

In *Commonwealth v. Potter*, 478 Pa. 251, 386 A.2d 918 (1978), Mr. Justice Pomeroy stated that double jeopardy requires discharge of a defendant whose trial was tainted by intentional prosecutorial misconduct designed to induce declaration of a mistrial in order to afford a more favorable opportunity to convict. The "intentional" standard advocated by a majority of the court[1] is in accord with the view of the United States Supreme Court. See *Divans v. California*, 434 U.S. 1303, 98 S.Ct. 1, 54 L.Ed.2d 14 (1977); *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 53 L.Ed.2d 80 (1977); *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). "The public interest in convicting those guilty of crimes is too important an interest to be subordi-

1. Justice Pomeroy was joined in his Opinion in support of affirmance by Chief Justice Eagen and Justice O'Brien. Justice Nix stated in a separate Opinion his agreement with the majority view of Justice Pomeroy on the double jeopardy issue, but dissented from the Opinion on other grounds. Justices Roberts and Manderino, in their Opinions in support of reversal in *Potter*, argued that "grossly negligent" prosecutorial misconduct also justified a discharge under the Double Jeopardy Clause.

nated to a concept of a prosecuting attorney's negligence, even though it be labeled 'gross'; defendants are adequately protected by the sanction of complete discharge which is imposed when the government's agent acts with the intent to abort the trial." *Potter*, supra, 478 Pa. at 267, 386 A.2d at 925.

In order for a defendant to prevail on his claim that retrial should be prohibited after a mistrial has been declared at his request, he must prove that the prosecution, in bad faith, intended to provoke that request. There is no evidence in the instant case that the prosecutor was motivated by bad faith or harbored any intent to provoke a mistrial.

This is not to say that we condone the prosecutor's conduct, which was, indeed, reprehensible. The Assistant District Attorney acted in reckless disregard of the trial judge's warnings. However, while the prosecutor's question was so poorly framed that it tainted the case and required a mistrial, this type of prosecutorial overreaching does not bring into play the Double Jeopardy Clause. The Assistant District Attorney's conduct may be accounted for as the product of an excess of zeal and as a desire to overtry the issue. The prejudicial question cannot be attributed to malice or a desire to deliberately abort a case which from the record was clearly going well for the prosecution and already likely to result in a conviction. *Commonwealth ex rel. Montgomery v. Myers*, 422 Pa. 180, 220 A.2d 859 (1960). The record inevitably compels the conclusion that the prejudicial questions were not calculated to invite the mistrial in order to secure another, possibly more favorable opportunity to convict the accused.

Order affirmed.

MANDERINO, J., concurs in the result.