416 A.2d 503

**COMMONWEALTH of Pennsylvania**

v.

**James LEE, Appellant.**

Supreme Court of Pennsylvania.

Argued April 25, 1980.

Decided July 3, 1980.

Donald G. Joel, Philadelphia, for appellant.

Robert B. Lawler, Chief, Appeals Division, Asst. Dist. Atty., Lise Rapaport, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, James Lee, was convicted in a non-jury trial of murder of the third degree for the June 23, 1977 stabbing death of Silas Fowler. Post-verdict motions were denied and appellant was sentenced to a prison term of two to ten years. This appeal followed.

In this appeal, appellant raises one issue. He claims that his right against being twice placed in jeopardy was violated when he was forced to go to trial in the instant matter. The facts are as follows.

In November, 1977, appellant's first non-jury trial commenced. During the Commonwealth's case-in-chief, one William Crawford was called as a witness. As the appellant's version of the incident would have indicted that Crawford was criminally liable, appellant's trial counsel requested the court to advise Crawford of his Fifth Amendment privi-

lege against self-incrimination. When the Commonwealth objected, an *in camera* hearing was held.

The Commonwealth advised the trial court that Crawford was a witness only. The trial court then raised the possibility that the Commonwealth could very well change its view should appellant be acquitted. The following exchange occurred:

"THE COURT: Have you given him any kind of immunity? You certainly haven't given him formal immunity. There's a, there's a possibility that you can give him transactional immunity for this case—

"MRS. ERCOLE: (Assistant District Attorney) To have the perfect immunity under the laws of Pennsylvania as they presently exist I believe you have to go through the Attorney General, certified papers, and what have you.

"THE COURT: That's correct.

"MRS. ERCOLE: I mean I could indicate to the Court that based upon the Commonwealth's prosecution of this case and the way in which it has prepared this particular homicide, that Mr. Crawford is not going to be arrested—

"THE COURT: Not unless you possibly lose the homicide case. Then who can tell what would happen.

"MRS. ERCOLE: I will state to the Court that Mr. Crawford was interviewed, Your Honor, as a witness to this, and gave a statement to the police, and then was given a lie detector test.

"MR. JOEL: (Defense Counsel) Now, Judge, I don't know what to do now at that point because I think that's a statement that couches or characterizes or prejudices, if it will, and I know the Court for quite a while, unnecessarily—I'm forced to move for a mistrial."

The Court then granted appellant's motion for a mistrial and terminated the proceedings.

Prior to the instant trial, appellant filed a motion to dismiss the information on double jeopardy grounds. The Court denied the motion and informed appellant of his right

to file an immediate appeal from the denial. No appeal, however, was taken and appellant proceeded to trial. Following the instant conviction, appellant again asserted the violation against double jeopardy in both post-verdict motions and this appeal.

In *Commonwealth v. Bolden*, 472 Pa. 602, 631–33, 373 A.2d 90, 104 (1977), a plurality of this Court stated:

"The basic purpose of the double jeopardy clause mandates that a defendant who has a meritorious claim have an effective procedural means of vindicating his constitutional right to be spared an unnecessary trial. Acquittal upon retrial or belated appellate recognition of a defendant's claim by reversal of a conviction can never adequately protect the defendant's rights. The defendant is deprived of his constitutional right the moment jeopardy attaches a second time. His loss is irreparable; to subject an individual to the expense, trauma and rigors incident to a criminal prosecution a second time offends the double jeopardy clause. The clause establishes the 'right to be free from a second prosecution, not merely a second punishment for the same offense.' *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973).

"Without immediate appellate review, a defendant will be forced to undergo a new trial, precluding any review of his claim that he should not be tried at all. 'Because of the nature of the constitutional right . . . assert[ed], no post-conviction relief, either state or federal, is capable of vindicating [appellant's] interest.' *United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034, 1037 (3d Cir. 1975). As Judge Adams observed in Webb, 'forcing [appellant] to trial would defeat the constitutional right he seeks to preserve.' Id. at 1039. Exceptional circumstances exist under Pennsylvania law warranting appellate review prior to judgment of sentence." (Footnotes omitted.)

The Commonwealth argues that appellant has waived this claim by failing to immediately appeal the order denying his motion to dismiss the information. We do not agree.

Unquestionably, appellant could have sought immediate appellate review of the question involved. For whatever reason, however, appellant proceeded to trial without first appealing the double jeopardy question.[1] We believe that a defendant may choose to proceed to trial and if convicted, still challenge the propriety of the pretrial motion to dismiss on double jeopardy grounds on appeal. We will thus reach the merits of appeal.

■■■ Appellant argues that his retrial should have been barred because the prosecutor in the aborted first trial engaged in either intentional or grossly negligent misconduct by referring to Crawford's having taken a polygraph examination. The test to be applied is whether the Commonwealth engaged in either intentional or bad faith "overreaching." *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498 (1980). In our view, reference to a polygraph examination in the instant case does not rise to either level of overreaching. Instantly, the prosecutor, in the heat of legal argument and responding to a question from the Court, informed the Court that the witness in question had taken a polygraph examination. The trial court recognized this misconduct as error and granted appellant a mistrial. In our view, however, this type of prosecutorial misconduct, although erroneous, does not require the extreme sanction of barring retrial of appellant. Appellant's argument is thus without merit.

Judgment of sentence affirmed.

NIX, J., files a concurring opinion.

NIX, Justice, concurring.

In *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977), this Court granted the defendant in a criminal case, a right to immediately appeal the denial of a pre-trial motion

1. While "to subject an individual to the expense, trauma and rigors incident to a criminal prosecution a second time [is an evil sought to be prevented by] the double jeopardy clause," *Commonwealth v. Bolden, supra,* 472 Pa. at 632, 373 A.2d at 104, it is far from inconceivable that many a defendant would rather go to trial immediately than suffer the "trauma and rigor" incident to waiting for trial. See *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A.2d 127 (1972).

to dismiss asserted on double jeopardy grounds. In reaching this conclusion, with which I originally disagreed, *Commonwealth v. Bolden*, 472 Pa. at 652, 373 A.2d at 114, (Nix, J. dissenting in which O'Brien, J. joined) the majority stressed the need for immediate resolution of the issue.

> The basic purpose of the double jeopardy clause mandates that a defendant who has a meritorious claim have an effective procedural means of vindicating his constitutional right to be spared an unnecessary trial. Acquittal upon retrial or belated appellate recognition of a defendant's claim by reversal of a conviction can never adequately protect the defendant's rights. The defendant is deprived of his constitutional right the moment jeopardy attaches a second time. His loss is irreparable; to subject an individual to the expense, trauma and rigors incident to a criminal prosecution a second time, offends the double jeopardy clause. The clause establishes the "right to be free from a second prosecution, not merely a second punishment for the same offense." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973). *Without immediate appellate review*, a defendant will be forced to undergo a new trial, precluding any review of his claim that he should not be tried at all. "Because of the nature of the constitutional right . . assert[ed], no post-conviction relief, either state or federal is capable of vindicating [appellant's] interest" (citation omitted) (emphasis added) *Id.*, 472 Pa. at 631–632, 373 A.2d at 104.

Today's ruling seems entirely inconsistent. If the need was as pressing as the majority contended in *Bolden* and the full protection of the right is dependent upon immediate review, what justification can there be for giving the appellant the option of seeking a delayed, after-the-fact disposition of the question?

Additionally, double jeopardy is a plea in bar and traditionally in this jurisdiction, pleas in bar must be raised in advance of the objectionable anticipated action or they are otherwise waived. What basis can there be for making the issue reviewable (after judgment of sentence) where the opportunity is provided for immediate review?

I therefore would find that this contention has been waived and for that reason would affirm the judgment of sentence.