428 A.2d 641

**COMMONWEALTH of Pennsylvania,**

v.

**George GREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 12, 1980.

Filed April 16, 1981.

Paul R. Gettleman, Zelienople, for appellant.

Robert L. Eberhardt, Deputy District Attorney, for Commonwealth, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's motion to dismiss on the ground that a second trial would "twice put him in jeopardy of life or limb" in violation of the federal constitution. At the first trial a mistrial was declared on motion of appellant's counsel pleading surprise. We have concluded that since counsel's surprise was not the result of a deliberate attempt by the prosecutor to cause a mistrial, or of the prosecutor's bad faith, a second trial is not barred. We shall therefore affirm.

On March 22, 1979, appellant was arrested and charged with robbery, violations of the Uniform Firearms Act, possessing a prohibited offensive weapon, and criminal conspiracy. He was brought to trial on September 11, 1979. It appears that before the trial the assistant district attorney had represented to appellant's counsel that the only person who could identify appellant as being involved in the robbery was a co-defendant. Brief for appellant at 5. At trial, however, the first Commonwealth witness, a patron who was at the victim's bar at the time of the robbery, testified that he saw appellant enter the bar. N.T. at 20. The witness further testified, on a voir dire examination, that he was able to positively identify appellant as a participant in the robbery. N.T. 24. On motion of appellant's counsel pleading surprise, the lower court granted a mistrial. N.T. 33.

Appellant asserts that the assistant district attorney never asked the witness before trial whether he could identify appellant. Brief for appellant at 8.[1] Appellant does not characterize this failure as intentional, or as constituting prosecutorial overreaching. Instead, he states, "[T]he Commonwealth was clearly acting in a grossly negligent manner ...." Brief for Appellant at 8.

In *Commonwealth v. Potter*, 478 Pa. 251, 386 A.2d 918 (1978), the Supreme Court held that retrial is not barred when a mistrial is granted at the defendant's request because of "grossly negligent" conduct by a prosecutor. *Id.*, 478 Pa. at 260, 386 A.2d at 922. Instead, the Supreme Court stated, retrial is barred "when the prosecuting lawyer, judged by an objective standard, must be deemed to have been substantially certain that a mistrial would be declared as a result of his questions to witnesses or other conduct at trial." *Id.*, 478 Pa. at 267, 386 A.2d at 926. We have applied this standard in several cases. *See e. g., Commonwealth v. Palazzo*, 275 Pa.Super. 135, 418 A.2d 649 (1980); *Commonwealth v. Thomas*, 270 Pa.Super. 375, 411 A.2d 767 (1979); *Commonwealth v. Perry*, 270 Pa.Super. 412, 411 A.2d 786 (1979). In *Commonwealth v. Starks*, 490 Pa. 336, 416 A.2d 498 (1980), the Court held that retrial was barred not only where "there is the prosecutorial misconduct which is designed to provoke a mistrial in order to secure a second, perhaps more favorable, opportunity to convict the defendant," but also where "there is prosecutorial misconduct undertaken in bad faith to prejudice or harass the defendant." *Id.* 490 Pa. at 340, 416 A.2d at 500. *Accord, Commonwealth v. Lee*, 490 Pa. 346, 416 A.2d 503 (1980). *See also, Commonwealth v. Hoskins*, 494 Pa. ——, 432 A.2d 149 (1981). However, *Starks* did not extend the law so far as to bar retrial because of the prosecutor's negligence, even gross negligence.

1. Although in our view of the law, it is not crucial, we note that the assistant district attorney in fact stated to the court that he had asked the witness whether he could identify appellant and that it was his "understanding that no identification could be made." N.T. 28–29.

Here, there is no evidence that the assistant district attorney acted either with the intention of provoking a mistrial or in bad faith. Indeed, appellant's counsel told the lower court that he thought the assistant district attorney was as surprised as he was at the witness's identification. N.T. 28. *Cf. Commonwealth v. Smith*, 284 Pa.Super. 60, 425 A.2d 393 (1981) (dissenting opinion argues bad faith shown). We therefore find no merit in appellant's argument that a second trial is barred.

Affirmed.