524 A.2d 1365

**COMMONWEALTH of Pennsylvania**

v.

**Thomas BERARDI, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 23, 1987.

Filed April 21, 1987.

530

Frederick B. Gieg, Jr., Altoona, for appellant.

William J. Haberstroh, District Attorney, Altoona, for Commonwealth, appellee.

Before DEL SOLE, MONTEMURO and ROBERTS, JJ.

DEL SOLE, Judge:

Appellant was charged with violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. 780–113(a)(30), and proceeded to trial on November 21, 1985. Following two days of testimony, the jury was left to deliberate. However, on November 23, 1985, the trial court declared a mistrial for manifest necessity insofar as the jury was unable to reach a verdict. The case was then called for retrial. Appellant filed a motion to dismiss alleging that the trial court erred in declaring a mistrial, and as a result, Appellant was being placed in double jeopardy. This motion was denied by the Honorable R. Bruce Brumbaugh, who was assigned the case for retrial. Appellant thereafter filed this appeal before the Superior Court under the auspices of *Commonwealth v. Bolden*, 472 Pa. 602, 373 A.2d 90 (1977) (an interlocutory appeal founded on double jeopardy grounds is proper due to the nature of the double jeopardy right and the need for immediate resolution of pre-trial controversy to protect the rights of the accused).

■ Preliminarily, we must establish whether or not this appeal is properly before us. Although the issue of appeal-

ability has been raised by neither party, it is incumbent upon the Superior Court to raise jurisdictional questions *sua sponte. Commonwealth v. Williams,* 357 Pa.Super. 462, 464, 516 A.2d 352, 353 (1986).

■ Subsequent to the pronouncement of *Bolden, supra,* our Supreme Court has reevaluated its position on interlocutory appeals alleging double jeopardy. In *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986), the Court noted the occurence of needless delays, engendered by frivolous appeals, which ultimately "hinder[ed] the administration of justice as well as the public interest". *Id.,* 510 Pa. at 346, 508 A.2d at 291. In response, a new procedure for processing interlocutory appeals based on double jeopardy grounds was promulgated. An exception was carved from *Bolden* which provides that, where a defendant asserts a double jeopardy claim before the trial court, that court must address its merit. If the hearing court makes a written finding that the motion is frivolous, an appeal from the denial of a motion to dismiss on double jeopardy grounds should not be permitted. *Ibid.* However, "[a]bsent such a finding, an appeal may be taken from the denial of the motions." *Ibid. See Commonwealth v. Learn,* 356 Pa.Super. 382, 514 A.2d 910 (1986).

In the case at bar, the record shows that the trial court painstakingly considered the merits of Appellant's double jeopardy argument. By his Opinion, Judge Brumbaugh held "[t]hat defendant's motion was frivolous is manifest". (Opinion, 2). Thus, pursuant to the directives espoused in *Brady,* the instant appeal is improperly before this Court.

Parenthetically, we note that the obvious goal sought by our Supreme Court in its pronouncement of *Brady* was to establish a procedure by which meritorious claims alleging double jeopardy are efficiently resolved. By the same token, the impetus behind *Brady* was also to prevent frivolous double jeopardy claims from causing needless delays at the trial court level. In the case *sub judice,* the inaction by the prosecuting attorney in failing to file a motion to quash pursuant to *Brady* resulted in the unnecessary ex-

penditure of time and resources; briefs were prepared and submitted to this panel, adding months to the disposition of this case. Had a motion to quash been filed, much time could have been saved. We point this out so that the Commonwealth's counsel will realize that, in those cases where frivolity was found by the trial court, *Brady* provides a method by which such cases are to be efficiently processed.

Accordingly, the appeal on the merits of Appellant's double jeopardy claim is quashed as interlocutory.

Appeal quashed.