**Commonwealth v. Reed**

284

*Thomas W. Minett, office of the district attorney,* for Commonwealth.

*Randall T. Hetrick,* for defendant.

COX, *J.,* August 22, 2005—The defendant in the instant case, Dennis C. Reed, is charged with four counts of kidnapping, three counts of interference with custody of children, criminal homicide, simple assault, unlawful restraint, burglary, unlawful possession of a firearm and attempted robbery. Defendant has filed an appeal from this court's order dated June 3, 2005, wherein this court denied defendant's motion to quash charges which was founded on double jeopardy grounds.

The relevant facts are as follows: On December 17, 2001, the New Castle Police Department received missing persons reports for Wendy Miller and her children, Jayla McKnight, Mark McKnight and Javaughn Mc-Knight. On December 22, 2001, defendant was arrested in Butler County by officers of the Butler City Police Department on charges of firearms not to be carried without a license, possession of a controlled substance with intent to deliver and possession of a controlled substance. At the time of defendant's arrest, defendant was in possession of the vehicle belonging to Wendy Miller. Jayla McKnight, Mark McKnight and Javaughn McKnight, who were alleged to have been kidnapped by defendant, were passengers in the vehicle. The arresting officers conducted a search of defendant incident to his arrest that revealed a loaded handgun, a quantity of crack cocaine, a spent 12-gauge shotgun shell and a 16-gauge shotgun slug. Defendant was then transported to the Butler Police Department in the City of Butler, Butler County, Pennsylvania. Due to a missing persons report from the New Castle Police Department, Wendy Miller's vehicle was secured and also transported to the Butler Police Department where Butler City Police Lieutenant Timothy Fennell conducted a brief search of the vehicle in an attempt to determine the whereabouts of Wendy Miller. During this search, Lieutenant Fennell viewed a black shotgun with a pistol grip in the cargo area of the vehicle. The vehicle was then secured at the Butler Fire Department and the New Castle City Police Department was contacted. New Castle city police obtained a search warrant for the vehicle and conducted a search. Various clothing items belonging to Wendy Miller and other evidence was recovered from the vehicle.

On December 23, 2001, the body of Wendy Miller was found in a wooded area near Neshannock Boulevard Extension in New Castle, Lawrence County, Pennsylvania. It was determined that Ms. Miller was the victim of a homicide, having been killed by trauma to the head caused by a gunshot from a large caliber rifle or shotgun.

Following defendant's arrest in Butler County, both Butler County and Lawrence County filed different charges against defendant. On December 22, 2001, the charges of firearms not to be carried without a license, possession of a controlled substance with intent to deliver and possession of a controlled substance were filed against defendant in Butler County. On January 3, 2002, the charges of kidnapping, interference with custody of children, criminal homicide, simple assault, unlawful restraint, burglary, unlawful possession of a firearm and attempted robbery were filed in Lawrence County. On January 17, 2002, a preliminary hearing was held in Lawrence County and defendant was held for trial. On February 28, 2002, a preliminary hearing was held in Butler County and the charges were bound over for trial. On January 17, 2003, defendant filed an omnibus pretrial motion in Lawrence County. In Butler County a hearing was held on March 17, 2003, to consider a motion to suppress filed by defendant. Defendant's motion to suppress was denied by an order of court that same date. The Butler County Court of Common Pleas proceeded to a jury trial immediately and defendant was tried and convicted by a jury that same day. Subsequently, in Lawrence County, defendant filed supplemental pretrial motions in the nature of a motion to quash charges on

October 14, 2003. On June 3, 2005, following hearings and submission of briefs on behalf of defendant and the Commonwealth, this court entered an order denying defendant's pretrial motion and motion to quash. It is the order dated June 3, 2005, that is the subject of this appeal.

An interlocutory appeal founded on double jeopardy grounds is proper due to the nature of the double jeopardy right and the need for immediate resolution of pretrial controversy to protect the rights of the accused. *Commonwealth v. Berardi,* 362 Pa. Super. 529, 530, 524 A.2d 1365, 1366 (1987) (citing *Commonwealth v. Bolden,* 472 Pa. 602, 373 A.2d 90 (1977)). Where a defendant asserts a double jeopardy claim before the trial court, that court must address its merit. *Berardi, supra* at 531, 524 A.2d at 1366.

Defendant seeks to quash all of the charges pending in Lawrence County pursuant to 18 Pa.C.S. §110, alleging defendant already has been brought to trial and convicted in Butler County on charges arising from conduct occurring at approximately the same time as the conduct giving rise to the charges in Lawrence County. The motion to quash filed by defendant must be denied.

Section 110 provides in pertinent part:

"When Prosecution Barred by Former Prosecution for Different Offense

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquittal or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

"(i) any offense of which the defendant could have been convicted on the first prosecution;

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and occurred within the same judicial district[1] as the former prosecution unless the court ordered a separate trial of the charge of such offense; or

"(iii) the same conduct, unless:

"(A) the offense of which the defendant was formerly convicted or acquitted and the offense for which he is subsequently prosecuted each requires proof of a fact not required by the other and the law defining each of such offenses is intended to prevent a substantially different harm or evil . . . ." 18 Pa.C.S. §110.

The compulsory joinder rule bars a subsequent prosecution if each prong of the following test is met: (1) the former prosecution resulted in an acquittal or conviction; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware

---

1. The General Assembly amended 18 Pa.C.S. §110 on June 28, 2002, and made it effective 60 days from that date. The former section 110 read, "was within the jurisdiction of a single court" rather than "occurred within the same judicial district."

of the charges before the first trial; and (4) all charges were within the same judicial district[2] as the former prosecution. *Commonwealth v. Nolan,* 579 Pa. 300, 308, 855 A.2d 834, 839 (2004). The compulsory joinder rule was designed to serve two distinct policy considerations: (1) to protect a person accused of crimes from governmental harassment by being forced to undergo successive trials for offenses stemming from the same criminal episode, and (2) to ensure judicial economy. *Id.* at 310, 855 A.2d at 840. These policy concerns must not be interpreted to sanction "volume discounting." *Id.*

There is no question that the charges filed in Butler County resulted in a conviction as the defendant was convicted by a jury for the offenses of possession of a controlled substance, possession of a controlled substance with intent to deliver and firearms not to be carried without a license. Therefore, the first prong of the compulsory joinder test is satisfied.

The second prong of the test pertains to whether the conduct occurred during the same criminal episode. Following a complete and thorough review of the arguments, briefs of counsel and the law of this Commonwealth, this court finds that the charges on which defendant was tried in Butler County and the charges pending before this court in Lawrence County do not constitute a "single criminal episode."

"To determine whether various acts constitute a single criminal episode, we must examine two factors: first, the logical relationship between the acts; and second, the

---

2. See footnote number one.

temporal relationship between the acts." *Commonwealth v. Hockenbury,* 549 Pa. 527, 533, 701 A.2d 1334, 1337 (1997). "In determining whether the 'logical relationship' prong of the test has been met, we are cautioned 'that a mere de minimis duplication of factual and legal issues is insufficient to establish a logical relationship between the offenses. Rather what is required is a substantial duplication of issues of law and fact.' " *Id.* (citation omitted) "Thus, where a number of charges are logically and/or temporally related and share common issues of law and fact, a single criminal episode exists, and separate trials would involve substantial duplication and waste of scarce judicial resources. In such cases, failure to consolidate will bar successive prosecutions." *Commonwealth v. Hude,* 500 Pa. 482, 494, 458 A.2d 177, 183 (1983).

The logical and temporal relationship between the charges in Butler County and the charges in Lawrence County are de minimis. The investigations were performed by two separate police departments and the proof required for the crimes does not rest solely on the credibility of a single witness. *Commonwealth v. Bracalielly,* 540 Pa. 460, 658 A.2d 755 (1995) (holding that the involvement of two distinct law enforcement entities prevents a substantial duplication of issues of law and fact). While some minor repetition of witnesses will occur, numerous different witnesses will be used to prove substantially different facts. *Commonwealth v. Anthony,* 553 Pa. 55, 717 A.2d 1015 (1998) (finding that when only two additional witnesses of nominal nature are called in the second trial and all other witnesses are the same, substantial duplication of factual issues exists). The charges

currently before this court will require the Commonwealth to call a significant number of material witnesses that were not required for the charges filed in Butler County. Such witnesses as the children of the victim, family members who filed the missing persons report, the individual who located the body of the victim, the pathologist who conducted the autopsy on the victim, ballistics experts, records witnesses regarding vehicle ownership and the temporary protection from abuse order, and the New Castle police officers who conducted the search and investigation of the charges will be required for the Commonwealth to prove the charges against defendant that are now before this court.

Finally, the laws describing the previous and subsequent offenses were intended to prevent a substantially different harm or evil. 18 Pa.C.S. §110(1)(iii)(A). The charges in Butler County dealt with the illegal possession of a firearm which consisted of a handgun unrelated to the murder and possession of a controlled substance. The charges before this court entail neither the possession of the handgun nor the possession of drugs. The charges in Lawrence County deal with criminal homicide, kidnapping and other charges related to the kidnapping of the victim and her children. The charges before this court relate to offenses dealing with very different crimes than the charges in Butler County. This court will not interpret this section to permit a "volume discount" on defendant's charges. *Nolan, supra.* The second prong of the compulsory joinder test is not met. As defendant's argument does not meet all four prongs of the compulsory joinder test, defendant's motion to quash charges must be denied. Although the failure to meet any one of

the prongs would be sufficient to deny the motion, the court will analyze the remaining two prongs.

The third prong of the compulsory joinder test bars a subsequent trial if the offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial. 18 Pa.C.S. §110. More clearly stated, if the prosecutor in the first trial was aware of the instant charges prior to the commencement of the first trial, then the subsequent trial would be barred. *Commonwealth v. Bracalielly,* 540 Pa. 460, 658 A.2d 755 (1995). In *Bracalielly,* the prosecutor in Butler County commenced a trial on charges arising from incidents occurring in Butler County with the full knowledge that similar charges were pending in Allegheny County. The Commonwealth never disputed that the Butler County prosecutor had pretrial knowledge of the pending charges in Allegheny County. Likewise, there is no dispute in the present case that the prosecuting attorney in Butler County thoroughly was aware of the instant charges. Therefore, this prong would favor defendant.

The final prong of the compulsory joinder test currently requires that the offenses occur "within the same judicial district." At the time the offenses occurred, the language of the rule required that the offenses occur "within the jurisdiction of a single court." As a court of common pleas has statewide jurisdiction, even though it exists in distinct judicial districts, determining which language applies is crucial.

As section 110 is a prohibitive section, it is logical that it must be applied at a point in time when it would actually prohibit additional prosecution. In *Nolan,* the

defendant entered into a guilty plea in Lackawanna County and then was tried by a jury in Luzerne County. The Pennsylvania Supreme Court noted that the rule which applies is the rule in place at the time of the defendant's trial. *Nolan, supra* at 309 n.7, 855A.2d at 839 n.7. Former Justice Nix, in his concurring opinion in the case of *Commonwealth v. Lee,* 490 Pa. 346, 416 A.2d 503 (1980), also stated that double jeopardy is a plea in bar and traditionally must be raised in advance of the objectionable anticipated action or be waived. *Lee* at 351, 416 A.2d at 505. The general rule is that the courts apply the law in effect at the time of the appellate decision. *Blackwell v. Commonwealth of Pennsylvania, State Ethics Commission,* 527 Pa. 172, 589 A.2d 1094 (1991). This principle is applied with equal force to both civil and criminal proceedings. *Id.* Thus, a party whose case is pending on appeal is entitled to the benefit of changes in law which occurs before the judgment becomes final. *Id.* When defendant raised his right to avoid double jeopardy, the new language of section 110 had been in place for over a year. Furthermore, the new language was in effect for over six months prior to defendant's trial in Butler County. For these reasons, this court finds that the language of section 110, as it currently is written, is the language that must be applied.

Thus, as Butler County and Lawrence County are two separate judicial districts, section 110 does not bar the current charges from proceeding to trial. Therefore, the fourth prong of the compulsory joinder test fails.

As defendant's argument fails on both the second and fourth prongs of the compulsory joinder rule, this court's

order dated June 3, 2005, should be affirmed and defendant's appeal dismissed.

## ORDER

Now August 22, 2005, an appeal having been filed in the above-captioned case by the defendant, Dennis C. Reed, the court directs that the attached opinion be filed to satisfy the requirements of Pa.R.A.P. 1925(a). The clerk of courts of Lawrence County is directed to immediately assemble the record and transmit said record to the Superior Court of Pennsylvania as required by the applicable Rules of Appellate Procedure.

The clerk of courts is directed to serve a copy of this order of court and attached opinion upon counsel of record, Thomas W. Minett, Esquire and Randall T. Hetrick, Esquire.