J-S71039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROSHA CHARLES WILLIAMS | |
| Appellant | No. 837 WDA 2015 |

Appeal from the Order Entered May 8, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000749-2014

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and OTT, J.

MEMORANDUM BY OTT, J.:  **FILED MARCH 08, 2016**

Rosha Charles Williams appeals from the order entered May 8, 2015, in the Erie County Court of Common Pleas, denying his pre-trial motion to dismiss charges of persons not to possess firearms, possession of a firearm without a license, prohibited offensive weapons, and disorderly conduct,[1] based on collateral estoppel. On appeal, Williams contends the trial court erred in denying his motion to dismiss because a determinative fact in his case has already been decided in his favor by a parole board hearing examiner. For the reasons that follow, we quash this appeal.

_____

[1] **See** 18 Pa.C.S. §§ 6105, 6106, 908, and 5503(a)(4), respectively.

The facts and procedural history underlying Williams' appeal are as follows. On October 12, 2013, Williams was at Dowling's Tavern in Erie, Pennsylvania, where he got into an argument with several bar patrons. He left the bar, but soon returned with another individual. Upon his return, Williams began to fight with the same group again. He then pulled a small shotgun from his pants and pointed it at the floor. Bar security was able to remove Williams from the bar, and he fled in an SUV.

Williams was subsequently arrested and charged with the aforementioned crimes. Because Williams was on state parole at the time of his arrest, a parole detainer was lodged against him. Williams claims a *Gagnon II* parole violation hearing was held on December 20, 2013,[2] at the conclusion of which the hearing examiner issued the following findings: (1) probable cause was established for the condition prohibiting alcohol possession, and (2) no probable cause was established for the condition prohibiting entering establishments that sell alcohol. *See* Motion to Dismiss, 4/1/2015, Exhibit B (Hearing Examiner's Finding, 12/20/2013).

---

[2] The trial court explained in its opinion that Williams failed to provide evidence that the *Gagnon II* hearing, which he claims is dispositive, actually related to the charges at issue. *See* Trial Court Opinion, 1/20/2016, at 3. The court noted the written "finding" upon which Williams relies failed to include a docket number or any reference to the present charges, and Williams did not call parole hearing officer to testify. *Id.*

Meanwhile, Williams' criminal case proceeded to trial, first on the charge of persons not to possess firearms.[3] On February 18, 2015, the jury indicated it was deadlocked, and the trial court declared a mistrial.

Thereafter, on April 1, 2015, Williams filed a motion to dismiss all the pending charges based on collateral estoppel. Specifically, he argued the parole hearing officer's finding of "no probable cause" definitively established that he was not the individual that brandished a firearm inside Dowling's Tavern on October 12, 2013, and the Commonwealth was precluded from re-litigating the issue. *See* Motion to Dismiss, 4/1/2015, at 2-3. The trial court conducted a hearing on May 8, 2015, at the conclusion of which it denied the motion to dismiss without an opinion. This timely appeal followed.

On May 20, 2015, the trial court directed Williams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Williams did not comply with the court's directive, and, on June 19, 2015, the trial court issued a memorandum opinion concluding all of Williams' issues were waived. Thereafter, on July 15, 2015, counsel for Williams filed a motion seeking permission to file a concise statement *nunc pro tunc*,

_____

[3] The remaining charges were severed due to the fact that Section 6105 required evidence that Williams had prior convictions. *See* N.T., 2/17/2015, at 4-7.

- 3 -

averring he never received the court's concise statement order. The trial court denied the motion.

When Williams' appeal first appeared before this panel, we found counsel's failure to file a court-ordered concise statement constituted ineffectiveness *per se*. **See** Order, 12/21/2015, at 1. Accordingly, pursuant to Pa.R.A.P. 1925(c)(3), we remanded the case to the trial court to file an opinion in response to the untimely concise statement. The court complied with our directive, and the appeal is now ready for disposition.

Preliminarily, however, "we must determine whether we have jurisdiction over this appeal." **Commonwealth v. Taylor**, 120 A.3d 1017, 1021 (Pa. Super. 2015). **See Commonwealth v. Blystone**, 119 A.3d 306, 311 (Pa. 2015) (appellate court may raise issue of jurisdiction *sua sponte*)

Pennsylvania Rule of Criminal Procedure 587 provides that if a trial court denies a pretrial motion to dismiss based upon double jeopardy grounds and does not find the motion frivolous, the order is immediately appealable as a collateral order.[4] **See** Pa.R.Crim.P. 587(B)(6). However, if the court determines the motion is frivolous, the defendant's only recourse is

---

[4] "The doctrine of collateral estoppel is a part of the Fifth Amendment's guarantee against double jeopardy and is applicable to the states *via* the Fourteenth Amendment." **Commonwealth v. States**, 891 A.2d 737, 742 n.7 (Pa. Super. 2005), *aff'd*, 938 A.2d 1016 (Pa. 2007).

to file a petition for review, pursuant to Pennsylvania Rule of Appellate Procedure 1573. Rule 1573 provides, in pertinent part:

> **(a) General rule.** Any party seeking review of a frivolousness determination by a court of common pleas under Pennsylvania Rule of Criminal Procedure 587 shall file a petition for review in the appellate court having jurisdiction over the matter. Review of a frivolousness determination under Pennsylvania Rule of Criminal Procedure 587 shall be governed by this chapter and ancillary provisions of these rules, except as otherwise prescribed by this rule. The time for filing is provided for in Pa.R.A.P. 1512(a)(1).

Pa.R.A.P. 1573(a).

Here, the trial court determined Williams' claim is "frivolous and therefore not appealable as of right" because it was "not supported by facts or law." Trial Court Opinion, 1/20/2016, at 3, 5. First, the court found Williams failed to provide evidentiary support for his contention that the issue of whether he entered Dowling's Tavern was conclusively determined at his parole hearing. As the court explained:

> The record is devoid of any evidence of what docket number the alleged **Gagnon II** hearing occurred. There is no evidence of any finding by a parole hearing officer. The parole hearing officer did not testify. There is no evidence that this hearing or finding related to the present case.

*Id.*

Second, the court concluded Williams' claim was "legally untenable."

*Id.* Relying upon **Commonwealth v. Cosgrove**, 629 A.2d 1007 (Pa.

- 5 -

Super. 1993), *appeal denied*, 648 A.2d 788 (Pa. 1994),[5] the trial court

opined:

> The factual determination alleged by [Williams] was made by a hearing examiner rather than a judge or jury and the rationale behind **Cosgrove** applies. To find the Commonwealth is collaterally estopped from bringing a case to trial based on a finding in a parole violation hearing would "undesirably alter the criminal trial process by permitting informal revocation determination to displace the intended fact finding function at trial" and would "undermine the function of the criminal trial

---

[5] In **Cosgrove**, the defendant was arrested after he stabbed the victim during a fight. **Cosgrove**, **supra**, 629 A.2d at 1008-1009. Because the defendant was on probation at the time of his arrest, he proceeded to a probation violation hearing, at the conclusion of which the trial court did not find the defendant violated his probation. Specifically, the court concluded it "was unable to determine who was the aggressor in the confrontation." **Id.** at 1009. Thereafter, the defendant filed a motion to dismiss the criminal charges, arguing the Commonwealth was collaterally estopped from proceeding with the prosecution based on the court's finding in the revocation hearing. **Id.** at 1009-1010. The trial court refused to dismiss the charges and the defendant appealed.

On appeal, a panel of this Court held that principles of collateral estoppel did not bar the subsequent prosecution:

> We hold that in order to ensure that the function of a criminal trial is not usurped by that of the probation revocation hearing, the Commonwealth may prosecute an individual on criminal charges even where a court has previously determined that it will not revoke the individual's probation based upon those charges. The decision rendered at a probation revocation hearing may not bind a subsequent factfinder at a criminal trial whose primary function is to determine the presence or absence of proof of guilt beyond a reasonable doubt.

**Id.** at 1011.

process." ***Cosgrove***, 629 A.2d at 1011, citing ***Lucido v. Superior Court***, 795 P.2d 1223 ([Cal.] 1990).

Separately, a determination by a non-judicial hearing officer at a ***Gagnon II*** hearing is not a final judgment. Instead, a final judgment about whether a defendant is in violation of supervision is made by a judge, who then has the authority to revoke and/or re-sentence a defendant. It is the judge's determination which is final.

***Id.*** at 4-5.

Because the trial court determined the collateral estoppel claim is frivolous, the order denying Williams' motion to dismiss is not appealable as a collateral order. ***See Taylor***, ***supra***, 120 A.3d at 1022-1023; Pa.R.Crim.P. 587. Further, because Williams did not file a petition for review pursuant to Pa.R.A.P. 1573(a), we are precluded from considering whether the trial court's frivolousness determination was warranted.[6] Consequently, we are compelled to quash this appeal.[7]

_____

[6] In ***Taylor***, ***supra***, similar to the instant matter, a panel of this Court remanded the case to the trial court for a determination of whether the defendant's pretrial double jeopardy claim was frivolous. ***See Taylor***, ***supra***, 120 A.3d at 1023. The panel noted, however, the fact it retained jurisdiction over the appeal "would not excuse [the defendant's] non-compliance with Criminal Rule 587(6)(5) (sic) and Appellate Rule 1573 in the event the trial court determines his double jeopardy motion to be frivolous." ***Id.*** at 1023 n.12. The same is true here.

Furthermore, even if we were to consider the trial court's frivolousness determination, we would deny the petition for review based on the well-reasoned opinion of the trial court. ***See*** Trial Court Opinion, 1/20/2016, at 2-5.

[7] We note that Williams' collateral estoppel claim is not lost, but rather, he may still challenge the court's denial of his motion to dismiss after his retrial. ***See Commonwealth v. Lee***, 416 A.2d 503, 504-505 (Pa. 1980) ("We

*(Footnote Continued Next Page)*

Appeal quashed.  Case remanded for further proceedings.  Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/8/2016

---

*(Footnote Continued)*

believe that a defendant may choose to proceed to trial and if convicted, still challenge the propriety of the pretrial motion to dismiss on double jeopardy grounds on appeal.").