J-S07017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEROME ANTHONY KENNEDY, JR. | : | |
| | : | |
| Appellant | : | No. 1038 MDA 2018 |

Appeal from the Order Entered June 15, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001924-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

CONCURRING MEMORANDUM BY OLSON, J.: **FILED: MAY 2, 2019**

I join the learned majority's memorandum and acknowledge that, pursuant to **Commonwealth v. Taylor**, 120 A.3d 1017 (Pa. Super. 2015), we must retain panel jurisdiction in this case.  Nevertheless, I write separately because – as to the issue of retaining panel jurisdiction – I believe that **Taylor** was incorrectly decided.

As the majority ably explains:

> When denying [a defendant's motion to dismiss on double jeopardy grounds, Pennsylvania Rule of Criminal Procedure 587(B)] requires that the trial judge make a finding as to whether the defendant's motion is frivolous.  If the trial court [does not find the motion frivolous] . . . , the order is appealable as a collateral order.  If, however, the court finds the motion is frivolous, we have jurisdiction only if the defendant files, and we grant, a petition for review under Rule 1573 and thus allow the appeal.  Therefore, if a trial court does not make a finding as to frivolousness, this Court cannot determine whether we have jurisdiction.

---

* Retired Senior Judge assigned to the Superior Court.

Majority Memorandum at *4 (citations omitted).

In both **Taylor** and the case at bar, the trial court failed to make a "specific finding as to frivolousness." **See** Pa.R.Crim.P. 587(B)(4).[1] Therefore, in both cases, this Court was required to remand to the trial court, so that the trial court could make that additional determination and pronouncement. Further, in **Taylor**, this Court retained panel jurisdiction over the case; and, since we are bound by **Taylor**, the majority properly does the same. However, I do not believe that the **Taylor** Court was correct to retain panel jurisdiction over the case.

In accordance with **Taylor**, since the trial court did not make an express finding under Pa.R.Crim.P. 587(B)(4) as to whether Appellant's motion to

---

[1] Specifically, Rule 587 of the Rules of Criminal Procedure provides in pertinent part:

> (4) In a case in which the judge denies the motion [to dismiss on double jeopardy grounds], the findings of fact shall include a specific finding as to frivolousness.
>
> (5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has the right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.
>
> (6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B)(4)-(6).

dismiss was frivolous, we do not yet know if this Court has appellate jurisdiction. Under Rule 587(B)(5), if the trial court finds that the motion was frivolous, the order is interlocutory and not immediately appealable. Instead, Appellant must petition this Court for review under Rule 1573 of the Rules of Appellate Procedure. On the other hand, if the trial court denies the motion but does not find that it was frivolous, then it is a collateral order and Appellant has a right to an immediate appeal under Rule 313 of the Rules of Appellate Procedure.

By retaining panel jurisdiction in this case, I am not sure that the litigants will know what to do once the trial court renders a decision regarding frivolousness. If, on remand, the trial court determines that Appellant's motion to dismiss was frivolous, we must quash this appeal on the basis that the order was interlocutory. However, by telling the parties that we are retaining panel jurisdiction over the appeal, we are potentially sowing great confusion. Certainly, Appellant might incorrectly believe that he does not need to file a "petition for review" of the frivolousness determination, as we specifically told him that we were retaining panel jurisdiction over the entire appeal. However, if he does not file a petition for review in accordance with Pa.R.A.P. 1573 within 30 days of the trial court's new order after remand, he will have missed his opportunity for this Court to consider the frivolousness

issue before he is subjected to a second trial.[2]  I believe that it is much more appropriate for us to vacate the trial court's order denying Appellant's motion to dismiss on double jeopardy grounds, remand for the trial court to enter a new order in compliance with Pa.R.Crim.P. 587, and relinquish jurisdiction. Thus, after the trial court renders a new order after remand, Appellant may either file a petition for review (if the trial court finds the motion was frivolous), or file an immediate appeal under Pa.R.A.P. 313 (if the trial court finds that the motion was not frivolous).  This procedure is cleaner and leaves no room for doubt.

Second, it is illogical for us to retain jurisdiction over the case.  Pursuant to *Taylor*, since the trial court did not make an express finding as to whether

---

[2] I would note that, even if a petition for review is not filed or, if filed not granted, a defendant does not waive his argument that the criminal case should be dismissed on the grounds of double jeopardy.  As the note to Rule 587 provides:

> Although the judge is required to advise the defendant of his or her appellate rights in paragraphs (B)(5) and (B)(6) [of Pa.R.Crim.P. 587] upon dismissing the motion, nothing in the rule is intended to preclude the defendant from proceeding to trial without first appealing the double jeopardy question.  *See e.g., Commonwealth v. Lee*, 416 A.2d 503, 504 (Pa. 1980) ("Unquestionably, appellant could have sought immediate appellate review of the questions involved.  For whatever reason, however, appellant proceeded to trial without first appealing the double jeopardy question.  We believe that a defendant may choose to proceed to trial and if convicted, still challenge the propriety of the pretrial motion to dismiss on double jeopardy grounds on appeal").

Pa.R.Crim.P. 587, Note.

Appellant's motion to dismiss was frivolous, we do not know if this Court has jurisdiction over the case. And, since we do not know whether we, in fact, have jurisdiction over the case, our jurisdiction has not yet been perfected and we have no jurisdiction to "retain."

Finally, I also believe that Superior Court Internal Operating Procedure 447(B) demands that we relinquish panel jurisdiction over the appeal. In relevant part, I.O.P. 447(B) declares:

> 1. If a remand is made solely on procedural grounds, *i.e.*, for the filing of an opinion, the submission of a missing part of the record, etc., jurisdiction should be retained by the panel. This will allow the appeal to retain the same appeal and journal numbers in the Superior Court and will enable the same panel which heard argument to render an ultimate decision without the necessity of reargument. In such cases, the panel ordering a remand shall fix the time within which the trial court shall act and return the case to the panel. In no event shall panel jurisdiction be relinquished but Superior Court jurisdiction be retained.
>
> 2. **If, however, the remand requires that the trial court** conduct an evidentiary hearing, appoint new counsel for further proceedings in the trial court, **or render a new or additional decision or pronouncement**, etc., thus giving the trial court an opportunity to reconsider its prior decision or make a new decision, **this will result in a new, appealable order. In that event, jurisdiction should be relinquished to the trial court**.

I.O.P. 447(B) (emphasis added).

In the case at bar, we have remanded the case and ordered that the trial court "render a new or additional . . . pronouncement." *Id.* Therefore, I believe that the trial court's order, on remand, constitutes "a new, appealable

- 5 -

order" and that, pursuant to I.O.P. 447(B), we must relinquish jurisdiction over the appeal. *See id.*

In conclusion, I believe clarity, logic, and I.O.P. 447(B) require that we simply relinquish jurisdiction in this case and those like it. Then, if the trial court determines on remand that the motion was not frivolous, the defendant can file a notice of appeal from that true collateral order; and, if the trial court determines that the motion was frivolous, the defendant can file a petition for review of the frivolousness determination. Nonetheless, since *Taylor* binds us, I join the majority memorandum.