J-S07017-19

2019 PA Super 263

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                           :            PENNSYLVANIA
                           :
           v.                :
                           :
                           :
JEROME ANTHONY KENNEDY, JR.     :
                           :
      Appellant             :   No. 1038 MDA 2018

Appeal from the Order Entered June 15, 2018
In the Court of Common Pleas of Lycoming County
Criminal Division at No(s):  CP-41-CR-0001924-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

CONCURRING OPINION BY OLSON, J.:     **FILED AUGUST 27, 2019**

I agree with the learned majority that the trial court's order denying Appellant's motion to dismiss on the basis of double jeopardy should be affirmed.  I write separately, however, to address a procedural issue that arose in this case that I believe is problematic.

As the majority notes, "[a]n order denying a motion to dismiss on double jeopardy grounds may be appealable as a collateral order under Pennsylvania Rules of Appellate Procedure 313(b), if the trial court has determined that the motion is not frivolous."  Majority Opinion at *6.  As also noted by the learned majority, the trial court in this case failed to make a frivolousness determination; therefore, pursuant to **Commonwealth v. Taylor**, 120 A.3d 1017 (Pa. Super. 2015), we remanded the case to the trial court to make such a determination.  Moreover, in accordance with **Taylor**, we were constrained

* Retired Senior Judge assigned to the Superior Court.

J-S07015-19

to retain panel jurisdiction while the case was before the trial court on remand.

I write separately because – as to the issue of retaining panel jurisdiction – I believe that **Taylor** was incorrectly decided. In my view, but for the **Taylor** decision which is binding on this panel[1], we should have relinquished jurisdiction upon remand.

In this Court's memorandum decision in which this case was remanded to the trial court, the majority noted:

> When denying [a defendant's motion to dismiss on double jeopardy grounds, Pennsylvania Rule of Criminal Procedure 587(B)[2]] requires that the trial judge make a finding as to whether the defendant's motion is frivolous. If the trial court

---

[1] It is well established that one three-judge Superior Court panel cannot overrule another. **Commonwealth v. Taggart**, 997 A.2d 1189, 1201 n.16 (Pa. Super. 2010). This action must come, if at all, from an *en banc* panel of this Court or the Pennsylvania Supreme Court. **Commonwealth v. Shaffer**, 117 A.3d 241, 246 (Pa. Super. 2017).

[2] Specifically, Rule 587 of the Rules of Criminal Procedure provides in pertinent part:

> (4) In a case in which the judge denies the motion [to dismiss on double jeopardy grounds], the findings of fact shall include a specific finding as to frivolousness.
>
> (5) If the judge makes a finding that the motion is frivolous, the judge shall advise the defendant on the record that a defendant has the right to file a petition for review of that determination pursuant to Rule of Appellate Procedure 1573 within 30 days of the order denying the motion.
>
> (6) If the judge denies the motion but does not find it frivolous, the judge shall advise the defendant on the record that the denial is immediately appealable as a collateral order.

Pa.R.Crim.P. 587(B)(4)-(6).

- 2 -

J-S07015-19

> [does not find the motion frivolous] . . . , the order is appealable as a collateral order. If, however, the court finds the motion is frivolous, we have jurisdiction only if the defendant files, and we grant, a petition for review under Rule 1573 and thus allow the appeal. **Therefore, if a trial court does not make a finding as to frivolousness, this Court cannot determine whether we have jurisdiction.**

Majority Memorandum, 5/2/19, at *4 (citations omitted; emphasis added).

In both **Taylor** and the case at bar, the trial court failed to make a "specific finding as to frivolousness." **See** Pa.R.Crim.P. 587(B)(4). Therefore, in both cases, this Court remanded to the trial court, so that the trial court could make that additional determination and pronouncement. Further, in **Taylor**, this Court retained panel jurisdiction over the case; and, since we were bound by **Taylor**, this panel did the same. However, I do not believe that the **Taylor** Court was correct to retain panel jurisdiction over the case.

Since the trial court did not make an express finding under Pa.R.Crim.P. 587(B)(4) as to whether Appellant's motion to dismiss was frivolous, we did not know at the time that we remanded it whether this Court had appellate jurisdiction. **See** Majority Memorandum, 5/2/19, at *4 "([I]f a trial court does not make a finding as to frivolousness, this Court cannot determine whether we have jurisdiction."). Under Pa.R.CrimP. 587(B)(5), if the trial court found that the motion was frivolous, the order would have been interlocutory and not immediately appealable. Instead, Appellant would have been required to petition this Court for review under Rule 1573 of the Rules of Appellate Procedure. On the other hand, if the trial court concluded that the motion to

- 3 -

dismiss was not frivolous, then it would be a collateral order and Appellant would have the right to an immediate appeal under Rule 313 of the Rules of Appellate Procedure.

Here, after remand, the trial court found that Appellant's motion to dismiss on double jeopardy grounds was not frivolous. Thus, as the majority notes, this Court now has jurisdiction in this case under Rule 313 of the Rules of Appellate Procedure.[3] However, in my view, by retaining panel jurisdiction in instances such as this, we are creating uncertainty for the litigants once the trial court renders a decision regarding frivolousness. If, on remand, the trial court determines that a defendant's motion to dismiss was frivolous, this Court would be required to quash the appeal on the basis that the order was interlocutory. However, by telling the parties that we are retaining panel jurisdiction over the appeal, we are potentially sowing great confusion. Certainly, a defendant might incorrectly believe that he or she does not need to file a petition for review of the frivolousness determination as we specifically

---

[3] Since the trial court made an express finding in this case that Appellant's motion to dismiss based on double jeopardy grounds was not frivolous, thereby creating a collateral order that is immediately appealable under Pa. R.A.P. 313, an argument may be made that this issue is now moot. However, as I believe that it was improper to retain jurisdiction at the time the case was remanded for a frivolousness determination, I conclude that it is also improper for this particular panel to render a decision on the merits of Appellant's appeal. Instead, we should have relinquished jurisdiction upon remand and, once the trial court entered the order finding Appellant's motion was not frivolous, Appellant should have been required to file a new notice of appeal which would have resulted in this case going to a different panel.

- 4 -

told him or her that we were retaining panel jurisdiction over the entire appeal. However, if the defendant does not file a petition for review in accordance with Pa.R.A.P. 1573 within 30 days of the trial court's new order after remand, he or she will have missed the opportunity for this Court to consider the frivolousness issue before he or she is subjected to a second trial.[4] I believe that it is much more appropriate in cases such as this for us to vacate the trial court's order denying a defendant's motion to dismiss on double jeopardy grounds, remand for the trial court to enter a new order in compliance with Pa.R.Crim.P. 587, and relinquish jurisdiction. Thus, after the trial court renders a new order after remand, a defendant may either file a petition for review (if the trial court finds the motion was frivolous), or file an immediate

_____

[4] I would note that, even if a petition for review is not filed or, if filed not granted, a defendant does not waive his or her argument that the criminal case should be dismissed on the grounds of double jeopardy. As the note to Rule 587 provides:

> Although the judge is required to advise the defendant of his or her appellate rights in paragraphs (B)(5) and (B)(6) [of Pa.R.Crim.P. 587] upon dismissing the motion, nothing in the rule is intended to preclude the defendant from proceeding to trial without first appealing the double jeopardy question. *See e.g., Commonwealth v. Lee*, 416 A.2d 503, 504 (Pa. 1980) ("Unquestionably, appellant could have sought immediate appellate review of the questions involved. For whatever reason, however, appellant proceeded to trial without first appealing the double jeopardy question. We believe that a defendant may choose to proceed to trial and if convicted, still challenge the propriety of the pretrial motion to dismiss on double jeopardy grounds on appeal").

Pa.R.Crim.P. 587, Note.

appeal under Pa.R.A.P. 313 (if the trial court finds that the motion was not frivolous). This procedure is cleaner and leaves no room for doubt.

Second, it is illogical for us to retain jurisdiction over cases such as this. Pursuant to *Taylor*, unless a trial court makes an express finding under Pa.R.Crim.P. 587(B) as to whether a defendant's motion to dismiss was frivolous, we do not know if this Court has jurisdiction over the case. Since we do not know whether we, in fact, have jurisdiction over the case, our jurisdiction has not yet been perfected and we have no jurisdiction to "retain."

Finally, I also believe that Superior Court Internal Operating Procedure 447(B) demands that we relinquish panel jurisdiction over appeals when a case is remanded for a frivolousness determination. In relevant part, I.O.P. 447(B) declares:

> 1. If a remand is made solely on procedural grounds, *i.e.*, for the filing of an opinion, the submission of a missing part of the record, etc., jurisdiction should be retained by the panel. This will allow the appeal to retain the same appeal and journal numbers in the Superior Court and will enable the same panel which heard argument to render an ultimate decision without the necessity of reargument. In such cases, the panel ordering a remand shall fix the time within which the trial court shall act and return the case to the panel. In no event shall panel jurisdiction be relinquished but Superior Court jurisdiction be retained.
>
> 2. **If, however, the remand requires that the trial court** conduct an evidentiary hearing, appoint new counsel for further proceedings in the trial court, **or render a new or additional decision or pronouncement**, etc., thus giving the trial court an opportunity to reconsider its prior decision or make a new decision, **this will result in a new, appealable order. In that event, jurisdiction should be relinquished to the trial court**.

- 6 -

I.O.P. 447(B) (emphasis added).

In cases such as this, we have remanded the case and ordered that the trial court "render a new or additional . . . pronouncement." ***Id.*** Therefore, I believe that the trial court's order, on remand, constitutes "a new, appealable order" and that, pursuant to I.O.P. 447(B), we must relinquish jurisdiction over the appeal. ***See id.***

In conclusion, I believe clarity, logic, and I.O.P. 447(B) require that we simply relinquish jurisdiction in cases in which this Court remands a matter to the trial court to make a determination as to frivolousness under Rule 587(B) of the Pennsylvania Rules of Criminal Procedure. Then, if the trial court determines on remand that the motion was not frivolous, the defendant may file a notice of appeal from that true collateral order; and, if the trial court determines that the motion was frivolous, the defendant may file a petition for review of the frivolousness determination.