COMMONWEALTH of Pennsylvania, Appellee,

v.

Edmund D. THORNTON, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 26, 2001.

Filed Feb. 5, 2002.

Joseph M. Marasco, Bradford, for appellant.

Michele D. Alfieri, Asst. Dist. Atty., Smethport, for Commonwealth, appellee.

Before STEVENS, LALLY–GREEN and HESTER, JJ.

STEVENS, J.

¶ 1 Edmund Thornton appeals from a June 17, 1999 judgment of sentence entered in the Court of Common Pleas of McKean County. We affirm.

¶ 2 As the result of an incident with a ten year old child that occurred on May 23, 1998, Appellant was convicted of attempted involuntary deviate sexual intercourse, attempted sexual assault, attempted indecent assault, endangering the welfare of children, and corruption of minors. Following the April 28, 1999 conviction, he was sentenced to three and one half (3½) to seven (7) years' imprisonment on June 17, 1999.

¶ 3 On October 22, 1999, Appellant filed a *pro se* Post Conviction Relief Act (PCRA) petition, counsel was appointed to represent him, and an amended PCRA petition was filed on November 16, 2000. Appellant was subsequently granted the right to appeal *nunc pro tunc* on December 11, 2000, and he did so on January 9, 2001. As directed by the lower court, Appellant filed a Pa.R.A.P.1925(b) statement on January 19, 2001, asserting that (1) the District Attorney committed prosecutorial misconduct by calling Trooper Charles Gross to the stand to proffer hearsay testimony, denying Appellant a fair and impartial trial; (2) Appellant's trial counsel was ineffective in failing to object to the trooper's testimony; and (3) Appellant's trial counsel was ineffective for failing to move for a mistrial based on prosecutorial misconduct. The lower court responded with a Rule 1925(a) opinion.

¶ 4 Appellant has abandoned two of his three Rule 1925(b) statement arguments, and his appellate brief raises the following statement of questions involved: "Whether the District Attorney committed prosecutorial misconduct by calling a witness to proffer only hearsay testimony and whether retrial is barred under the double jeopardy clause of the Pennsylvania and Federal Constitutions." Appellant's brief at 4. In compliance with Pa.R.A.P. 2111(8), which requires appellate briefs to contain a "short conclusion stating the precise relief sought," Appellant requests that this Court find that the District Attorney engaged in prosecutorial misconduct which was intended to, and did, deny Appellant a fair trial. Appellant's brief at 15. Instead of asking for a new trial, however, Appellant requests that this Court find that retrial is prohibited on double jeopardy grounds. *Id.*

■ ¶ 5 Appellant has waived his double jeopardy argument by failing to include it in his Rule 1925(b) statement. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998). As such, we turn to the single remaining allegation of prosecutorial misconduct.

■ ¶ 6 Appellant specifically alleges that the District Attorney committed prosecutorial misconduct when he called Trooper Gross to testify regarding a portion of his investigation. According to Appellant's version of the events, on the evening in question, he and the victim were watching the television news on Channel WIBD out of Buffalo, New York, which ran a story about a sexual assault victim. N.T. 4/28/99 a.m. at 94, 99. Appellant testified that after the story, the victim brought up the subject of sex, at which time he told her that she should not touch other people's private parts, or let people

touch her private parts. *Id.* at 94–96. In rebuttal, Trooper Gross testified that his investigation revealed that there were no sexual assault stories on any of the Buffalo television stations, including WIBD, on May 23, 1998. N.T. 4/28/99 p.m. at 16. When questioned by Appellant's trial counsel, Trooper Gross explained that he gained this knowledge by telephoning each television station director. *Id.* at 16–17. Trooper Gross acknowledged that he did not receive any written statements from the directors. *Id.* at 17. Appellant's counsel's objection to the evidence as hearsay was sustained, and the trial court immediately issued the following instruction to the jury: "Ladies and Gentlemen, you are instructed to disregard that testimony. It's hearsay testimony, it is incompetent, it should not take any bearing on your testimony because the news directors themselves are not here to testify. This is classic hearsay testimony and you should not consider it." *Id.* At the conclusion of testimony the trial court gave the following additional instruction:

> I want to emphasize to you as emphatically as I can, that you must decide this case based on proper evidence. You were instructed at one point to disregard evidence about what was or was not contained in the newscasts from the Buffalo television station.
>
> I want to emphasize that again. You must not, you may not, you are not permitted under the law to consider the officer's testimony concerning what was or was not in that newscast. And if you reach a verdict considering that evidence, that is an invalid verdict. And I'm sure it's difficult to put that out of your mind, but you must do that.

*Id.* at 36. Appellant's trial counsel did not contest the adequacy of either of the court's instructions, request further instruction, or move for a mistrial.[1]

---

1. We note that Appellant does not allege be-     fore this Court that his trial counsel was inef-

The focus of this Court's consideration of claims regarding prosecutorial misconduct is to determine whether the defendant was deprived of a fair trial and not whether the defendant was deprived of a perfect trial.

*Commonwealth v. Kemp*, 562 Pa. 154, 162, 753 A.2d 1278, 1282 (2000) (citations omitted). Here, we find that the trial court's instructions to the jury to disregard the testimony in question were sufficient to provide Appellant with a fair trial.

¶ 7 It is well established that a "trial court's curative instruction is presumed to be sufficient to cure any prejudice to Appellant." *Commonwealth v. Dennis*, 552 Pa. 331, 344, 715 A.2d 404, 410 (1998) (*citing Commonwealth v. English*, 548 Pa. 528, 699 A.2d 710 (1997) ("It is well-established that juries are presumed to follow the trial court's instructions). *See Commonwealth v. Bronshtein*, 547 Pa. 460, 691 A.2d 907, 916 n. 16 (1997); *Commonwealth v. Jones*, 542 Pa. 464, 490–91, 668 A.2d 491, 503–04 (1995) (*citing Commonwealth v. Baker*, 531 Pa. 541, 559, 614 A.2d 663, 672 (1992)).")). In *Dennis*, the prosecutor, on direct examination, elicited testimony regarding the defendant's unemployment. *Id.* The defendant's objection was overruled, but the following day, the prosecutor brought to the court's attention case law holding that a defendant's unemployment may not be used to show motive. *Id.* The trial court gave the jury a curative instruction, and, on appeal, the Pennsylvania Supreme Court found that no relief was due since the trial court's curative instruction is presumed to be sufficient to cure any prejudice, and the defendant/appellant offered no evidence to rebut this presumption. *Id.* (*citing English* ).

¶ 8 Based on our review of the record and the applicable case law, we find that Appellant has failed to show that the District Attorney's conduct deprived Appellant of a fair trial. *Kemp, supra.* Therefore, he is entitled to no relief.

¶ 9 Judgment of sentence affirmed.

fective for failing to request further instructions or move for a mistrial.