J. S14035/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT HORSEY, | : | No. 1756 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 18, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007124-2014

BEFORE:  BOWES, J., KING, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:       **FILED JUNE 23, 2020**

Robert Horsey appeals from the January 18, 2018 judgment of sentence entered in the Court of Common Pleas of Philadelphia County after a jury convicted him of one count each of rape by forcible compulsion, involuntary deviate sexual intercourse by forcible compulsion, unlawful contact with minor, endangering welfare of children, and corruption of minors.[1]  The trial court imposed an aggregate sentence of three to six years of incarceration, followed by six years of reporting probation.  We affirm.

The record reflects that appellant's convictions stem from several incidents during which appellant sexually abused the victim, his stepdaughter. On two occasions when the victim was 14 years old, appellant forced her to

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 6318(a)(1), 4304(a)(1), and 6301(a)(1)(ii), respectively.

perform oral sex on him. In another incident when the victim was also 14 years old, appellant forcibly penetrated her vagina with his penis. When the victim was 16 years old, appellant again forcibly penetrated her vagina with his penis. The final incident of forced oral sex occurred when the victim was 16 years old.

Sometime prior to the victim's turning 16 years old, she first disclosed the sexual abuse to two of her siblings. Shortly thereafter, the victim told her mother. The victim's mother called appellant at his workplace and an argument ensued. She then called the police, but the victim never spoke with the police, and appellant continued to live at the family home. When the victim was 16 years old, she again told her mother about the sexual abuse. The victim's mother did nothing. The victim then left home and moved in with her paternal grandfather. While living there, the victim disclosed the abuse to her aunt, paternal grandfather, and father. The victim's father called the police, which led to a criminal investigation and appellant's arrest.

Following his convictions and imposition of sentence, appellant filed a timely post-sentence motion, which the trial court denied. Appellant then filed a timely notice of appeal. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant requested two extensions of time, which the trial court granted. Appellant then timely filed his Rule 1925(b) statement. Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Did several inappropriate and prejudicial comments made by the prosecutor during closing arguments amount to prosecutorial misconduct and deprive appellant of a fair trial?

Appellant's brief at 2 (full capitalization omitted).

> The standard for granting a new trial because of the comments of a prosecutor is a high one. Generally, a prosecutor's arguments to the jury are not a basis for the granting of a new trial unless the unavoidable effect of such comments would be to prejudice the jury, forming in their minds fixed bias and hostility towards the accused which would prevent them from properly weighing the evidence and rendering a true verdict. This standard permits us to grant a new trial based on the comments of a prosecutor only if the unavoidable effect of the comments prevented the jury from considering the evidence. A prosecutor must have reasonable latitude in fairly presenting a case to the jury and must be free to present his or her arguments with logical force and vigor.

***Commonwealth v. Poplawski***, 852 A.2d 323, 327 (Pa.Super. 2004)

(citation omitted).

> We are further mindful of the following:

> > In determining whether the prosecutor engaged in misconduct, we must keep in mind that comments made by a prosecutor must be examined within the context of defense counsel's conduct. It is well settled that the prosecutor may fairly respond to points made in the defense closing. Moreover, prosecutorial misconduct will not be found where comments were based on the evidence or proper inferences therefrom or were only oratorical flair.

> ***Commonwealth v. Judy***, 978 A.2d 1015, 1019-1020
> (Pa.Super. 2009) (quotations, quotation marks, and
> citations omitted). ***See Commonwealth v.***
> ***Ragland***, 991 A.2d 336 (Pa.Super. 2010).

***Commonwealth v. Hogentogler***, 53 A.3d 866, 878 (Pa.Super. 2012),

***appeal denied***, 69 A.3d 600 (2013).

Appellant first directs our attention to a portion of the prosecutor's closing argument wherein she discussed the Commonwealth's ***nolle pros*** power. Appellant contends that because the prosecutor knew the jury would decide the case on credibility, the following comments constituted prosecutorial misconduct because they were an "explicit endorsement" of the victim's credibility:[2]

> [THE COMMONWEALTH]: . . . I also hold the power
> to nolle pros a case. That means, if I don't think he
> did it, if I don't believe the victim, if I don't have
> enough evidence, if something bad happened with the
> police investigation and the police did something they
> shouldn't have done --
>
> [DEFENSE COUNSEL]: Objection.
>
> THE COURT: Overruled.
>
> [THE COMMONWEALTH]: It's called a "nolle prosse."
> She's not stuck here because it says Commonwealth
> of Pennsylvania vs. [appellant]. You didn't hear that
> she had to be drug [sic] in and told, You have to come
> here. You're getting a bench warrant. Nobody made
> her do this. She did this for herself because she
> deserves justice and she deserves to be told that
> touching your stepdaughter is wrong.

---

[2] Appellant's brief at 6.

Notes of testimony, 2/13/17 at 124-125; *see also* appellant's brief at 6.

Appellant then contends that the above comments coupled with the following comments had the cumulative effect of denying him a fair trial:

> [THE COMMONWEALTH:] Next, it was because [the victim] didn't tell her mom, her brother, the detective, and maybe the doctor about the blood that she saw [in her underwear the first time appellant forcibly penetrated the victim's vagina with his penis]. Well, that's not surprising that a prepubescent teen didn't want to tell her little brother that when she [wiped] herself that there was blood. Mom didn't even believe her and did nothing. The detective, he actually didn't ask her to describe the very first incident of sexual abuse, so why would that be included in there if it happened the first time?
>
> [The Commonwealth's expert in child physical and sexual abuse] said that's actually not a common question that we ask. So, again, not surprised it's not in the records. But you can bet that when she sat in that witness stand, that wasn't the first time that she told someone that she [wiped] herself and there was blood. Because [defense counsel], as the skilled attorney that she is, she would have stood up and yelled at [the victim] and said, This is the first time you're telling anyone about this, right?
>
> [DEFENSE COUNSEL]: Objection.
>
> [THE COMMONWEALTH]: But that didn't happen. That's why [the assistant district attorney formerly assigned to this case] sat with [the victim] and asked her to describe every single incident.

Notes of testimony, 2/13/17 at 136-137.

Following closing arguments, the trial court heard oral argument on appellant's objections to the above comments. With respect to the comments regarding the Commonwealth's power to *nolle pros*, the trial court denied

appellant's request for a curative instruction. (**Id.** at 152.) The trial court explained that it did so because those statements rebutted defense counsel's suggestion that once the victim made sexual abuse allegations against appellant and charges were filed, the victim could not take the allegations back. (Trial court opinion, 2/26/19 at 8.) Indeed, the record reflects that defense counsel made the following statements during her closing argument:

> Now, [the Commonwealth] argued in [its] opening, What motive does [the victim] have for making this up? Now, I used to be in federal law enforcement and I used to carry a gun and I used to pray every day that I didn't shoot that gun because once you pull that trigger and the bullet goes out, you could never take that back. That's kind of the same thing of making an allegation about your stepfather. Once you say that, you can take that back. Once [the victim's] grandfather and [aunt] called [the Department of Human Services] and the police got involved, the case became Commonwealth vs. [appellant]. It's not the same as when you tell [your brother] and your mom. Now it's Commonwealth vs. [appellant].

Notes of testimony, 2/13/17 at 117.

It is well settled that a prosecutor may respond fairly to arguments made by the defense in its closing. **See Commonwealth v. Clancy**, 1924 A.3d 44, 62 (Pa. 2018). Here, the challenged comments fairly responded to comments that defense counsel made in her closing argument.

With respect to the latter comments, the trial court granted defense counsel's request for a curative instruction, and instructed the jury as follows:

> In the outset of [the Commonwealth's] closing argument, she argued that the defense attorney would have impeached [the victim] if [the victim]

> would not have mentioned blood in her underwear before. I'm going to direct you to disregard that statement.

Notes of testimony, 2/13/17 at 153.

In his brief, appellant acknowledges the curative instruction, and then in a one-sentence argument baldly asserts that "the cumulative effect of the prosecutor's improper statements constituted prosecutorial misconduct and thereby deprived him of a fair trial." (Appellant's brief at 8.) Notwithstanding our conclusion that the comments regarding the Commonwealth's power to **nolle pros** did not rise to the level of prosecutorial misconduct, appellant entirely fails to explain how the unavoidable effect of the challenged comments was to prejudice the jury so as to form in their minds a fixed bias towards him and to impede the jury's ability to objectively weigh the evidence and render a true verdict. **See Commonwealth v. Begley**, 780 A.2d 605, 626 (Pa. 2001) (reiterating that relief for prosecutorial misconduct granted only where unavoidable effect was to prejudice jury to form in their minds a fixed bias toward accused and impede jury's ability to objectively weigh evidence and render true verdict). Moreover, juries are presumed to follow the trial court's instructions, and curative instructions are presumed to be sufficient to cure any prejudice. **See Commonwealth v. Thornton**, 791 A.2d 1190, 1193 (Pa.Super. 2002). Here, appellant offers no argument to rebut the presumption.

J. S14035/20

Our review of the record compels the conclusion that appellant failed to show that the prosecutor's conduct deprived him of a fair trial. Therefore, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

JosephD.Seletyn,Esq.
Prothonotary

Date: 6/23/2020